STATE v. J. S. BURBAGE.

(Filed 13 September, 1916.)

**1. Municipal Corporations—Cities and Towns—Sunday Ordinances—Statutes.**

Established municipal authorities may enact such ordinances as are promotive of the peace and good order of the town, and enforce them by appropriate penalties, when they are not unreasonable or unduly discriminative, or manifestly oppressive and in "derogation of common right." Revisal, sec. 2923.

**2. Same—Public Policy—Drug Stores—Discrimination.**

It is against the public policy of this State that one should pursue his ordinary business calling on Sunday, and such may not only be regulated

by town ordinances, but altogether prohibited on that day; and an ordinance of this kind is not rendered invalid, as unduly discriminative, by reason of an exception in favor of drug stores or on account of Revisal, sec. 2836, forbidding work "in ordinary callings on Sunday under penalty of $1."

**3. Municipal Corporations—Cities and Towns—Sunday Ordinances—Admission to Stores.**

> An ordinance designed to prevent people from gathering at business places in the town at a time when business there has been lawfully prohibited is a reasonable regulation in promotion of the public policy which the ordinance intends to enforce; and an ordinance which prohibits a storekeeper from transacting business on Sunday except in cases of necessity, and from allowing persons other than himself or clerk from entering his place of business on that day, imposing a fine of $10 for its violation, is valid and enforcible. Revisal, sec. 2836. *S. v. Thomas*, 118 N. C., cited and distinguished.

WALKER and ALLEN, JJ., dissenting.

CRIMINAL ACTION heard on appeal from Recorder's Court at August Term, 1916, Superior Court of Beaufort County, before *Allen, J.*, and a jury.

The charge was for violating an ordinance of the town of Bath which prohibited a dealer from keeping his store or shop open on Sunday for purpose of buying or selling or transacting business except in case of necessity, and also prohibiting the proprietor of a store from allowing third persons, persons other than himself or clerk, from entering his place of business on Sunday; the fine for violation of such ordinance being fixed at $10. The ordinance contains provision also that drug stores may be kept open at all times.

There was special verdict rendered as follows: "That on a Sunday in August, 1915, the defendant entered his store in the town of Bath and allowed one Clyde Paul to enter the same with him, and while he and the said Paul were in the store two or three others entered without objection by defendant; that on a Sunday in November, 1915, defendant again entered the store in the town of Bath, and while there allowed one Archbell to enter the same (who was not a clerk). If upon the foregoing facts the court be of opinion that the defendant is guilty, the jury so find for their verdict, and if the court be of opinion that he is not guilty, the jury find him not guilty."

The court being of opinion that, on the facts as found, defendant was guilty, it was so entered. From judgment imposing the fine, defendant excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Small, MacLean, Bragaw & Rodman for defendants.*

HOKE, J., after stating the case: Chapter 73, Revisal, sec. 2923, empowers town commissioners to pass ordinances, rules and regulations for the better government of the town, not inconsistent with the provisions of the act and the law of the land, and to enforce such ordinances, etc., by appropriate penalties. In construing this and similar legislation elsewhere, the courts have very generally held that the established municipal authorities may enact such ordinances as are promotive of the peace and good order of the town, the limitation being that the regulations may not be unreasonable or unduly discriminative nor manifestly oppressive and in "derogation of common right."

It is against the public policy of the State that one should pursue his ordinary business calling on Sunday, and, where this is the case, it is very generally understood not only that ordinary business pursuits may be regulated, but altogether prohibited on Sunday. *S. v. Medlin,* 170 N. C., 682. This case also holds that an ordinance of this kind is not rendered invalid, as unduly discriminative, by reason of the exception in favor of drug stores, nor on account of section 2836, Revisal, forbidding work "in ordinary callings on Sunday under penalty of $1," and we are unable to see that a regulation of this kind is either unreasonable or oppressive or in derogation of common right. Evidently framed to prevent people from gathering at business places in the town at a time when business there has been lawfully prohibited, it would seem to be a most reasonable regulation in promotion of the public policy which the ordinance is designed to enforce, and, in certain localities and conditions, it is probably the only way in which the regulation could be made at all effective. The ruling of his Honor finds full support, we think, in the case already cited, *S. v. Medlin, supra,* and in many other well considered cases on the subject here and in other jurisdictions. *S. v. Austin,* 114 N. C., 855; *Hellen v. Noe,* 25 N. C., 493; *Barbier v. Connelly,* 113 U. S., 27; *Soon Hing v. Crowley,* 113 U. S., 703; *S. v. Freeman,* 38 N. H., 426; *St. Louis v. Cafferata,* 24 Mo., 44; Dillon Mun. Corp. (5 Ed.), secs. 589 *et seq.*

We were referred by counsel to *S. v. Thomas,* 118 N. C., 1221, as an authority for defendant on the question chiefly presented. That case involved the validity of an ordinance prohibiting a proprietor from going into his own store within certain hours, a thing he might be called on to do in the legitimate exercise of the rights of private ownership and where the act would many times have no necessary or natural relation to the maintenance of the peace and order of the town; a case readily distinguished from the present one where the ordinance is clearly promotive of the established public policy in preventing the carrying

on of ordinary business on Sunday, and, as heretofore stated, "well calculated to render such policy efficient."

There is no error, and the judgment below will be affirmed.

Affirmed.

WALKER and ALLEN, JJ., dissent.