NATIONAL LINEN SERVICE CORPORATION, TRADING AS CAROLINA
LINEN SUPPLY COMPANY, v. JOHN M. CRISP, TREASURER OF THE
TOWN OF LENOIR.

(Filed 28 January, 1935.)

1. **Taxation B c—Plaintiff held not liable for franchise tax under provision of ordinance under which the tax was collected.**

Plaintiff paid, under protest, a municipal franchise tax levied against persons renting or supplying clean linen who solicited business for services to be performed outside the city. The statement of facts agreed disclosed that plaintiff supplied clean linen to its customers within the city under contract giving it the option to supply new linen or to have the soiled linen of its customers laundered and returned, but the facts agreed did not show that plaintiff laundered the soiled linen of its customers: *Held,* plaintiff did not render any service to its customers outside the city, and was not liable for the tax.

2. **Municipal Corporations K e—**

A party not liable for a franchise tax imposed by municipal ordinance may not attack the constitutionality of the ordinance.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1934, of CALDWELL. Reversed.

This is an action to recover of the defendant the sum of $50.00, which was paid by the plaintiff to the defendant on 27 July, 1933, under protest, as a license tax levied by the town of Lenoir, under an ordinance of said town. Demand for the payment of the said sum was made by the plaintiff and refused by the defendant before the commencement of the action.

The action was begun on 14 May, 1934, in the court of a justice of the peace of Caldwell County.

From the judgment of said court that plaintiff recover nothing of the defendant, the plaintiff appealed to the Superior Court of Caldwell County.

When the action was called for trial in the Superior Court, the parties waived a trial by jury, and agreed that judgment might be rendered by the court on the statement of facts agreed submitted by the parties.

From the judgment on said statement that plaintiff recover nothing of the defendant, the plaintiff appealed to the Supreme Court.

*Bertram S. Boley, John M. Robinson, and Hunter M. Jones for plaintiff.*
*L. H. Wall for defendant.*

CONNOR, J. The ordinance under which the license tax involved in this action was levied on the plaintiff is as follows:

"*Laundries.* (a) Every person engaged in the operation of a steam laundry, Chinese laundry, wet-wash laundry, or agents therefor, shall pay an annual license tax of $25.00: *Provided,* that persons soliciting business for services to be performed outside the city shall pay an annual license tax of $50.00.

"(b) Every person engaged in the business of supplying or renting clean linen or towels shall pay an annual tax of $25.00: *Provided,* that persons soliciting business for services to be performed outside the city shall pay an annual license tax of $50.00."

It does not appear from the statement of agreed facts submitted to the court that the plaintiff was engaged during the year 1933 in soliciting business for services to be performed outside the city of Lenoir. The plaintiff was engaged in the business of supplying or renting clean linen to persons residing in the said city. It did not undertake to have the clean linen which it supplied or rented to its customers in the city of Lenoir laundered in the city of Charlotte, or elsewhere, when the said linen became soiled. Under its contract with its customers the plaintiff had the option to supply new linen, when the linen which it had supplied became soiled, or to have the soiled linen laundered, and returned to its customers. It rendered no service to its customers outside the city of Lenoir. The only service it rendered to them was rendered in the city of Lenoir. No service was rendered by the plaintiff to its customers in the city of Lenoir except the delivery to them of clean linen. For this reason, the plaintiff was not liable to the city of Lenoir for a license tax under the proviso contained in section (b) of the ordinance involved in this action, and is therefore entitled to recover of the defendant the sum of $50.00, which it paid to the defendant under protest.

We do not discuss the validity of the ordinance which is challenged by the plaintiff on the grounds discussed in the briefs filed in this Court, for the reason that the proviso contained in section (b) of the ordinance is not applicable to the plaintiff. The plaintiff is not injured by the ordinance, and therefore cannot attack its validity in this action. *Yarborough v. N. C. Park Commission,* 196 N. C., 284, 145 S. E., 563. In *Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154, it is said:

"Courts never anticipate a question of constitutional law before the necessity of deciding it arises."

In accordance with this opinion, the judgment is

Reversed.