## STATE v. ROY TRANTHAM.

(Filed 28 September, 1949.)

**1. Constitutional Law § 14—**

It is within the police power of the State to enact laws prohibiting secular pursuits on Sunday.

**2. Same: Municipal Corporations § 38—**

The power to enact Sunday ordinances has been delegated to the municipalities of the State. G.S. 160-52, G.S. 160-200 (6) (7) (10).

**3. Constitutional Law § 18—**

Legislative bodies may make classifications for the application of regulations provided the classifications are practical and apply equally to all persons within a class, since the constitutional mandate proscribing discrimination requires only that there be no inequality among those within a particular group or class. Fifth Amendment to the Federal Constitution; Art. I, Sec. 17, of the N. C. Constitution.

**4. Appeal and Error § 401—**

Courts never anticipate a question of constitutional law before the necessity of deciding it arises.

**5. Municipal Corporations § 40—**

A defendant in a prosecution for violation of a municipal ordinance may not attack the constitutionality of the ordinance on the ground of discrimination unless he makes it appear that the alleged discriminatory provisions operate to his hurt or adversely affect his rights or put him to a disadvantage, and when there is no discrimination within the class to which defendant belongs he may not raise the objection that it discriminates against another class or denies other persons equal protection of the law.

**6. Same—In absence of showing that ordinance discriminated against him, defendant has no standing to attack its constitutionality on this ground.**

The ordinance in suit prohibited enumerated secular pursuits on Sunday, and by proviso excluded from its operation certain shops, stores and businesses which it permitted to stay open on Sunday for the sale of enumerated articles. Defendant operated a business coming within one of the classes proscribed. Defendant did not make it appear that he kept in stock for sale any one of the articles enumerated in the proviso. *Held:* Defendant has no standing to attack the constitutionality of the ordinance

21—230

on the ground of discrimination in the operation of the proviso, since he does not belong to a class to which the alleged discrimination applies, and the ordinance does not accord a privilege to any competitor of defendant which is denied to him, nor may defendant's evidence of the violation of the conditions of the proviso form any basis for an attack upon the constitutionality of the ordinance.

APPEAL by defendant from *Moore, J.,* at June Term, 1949, of BUNCOMBE. No error.

Criminal prosecution on warrant charging the violation of a city ordinance.

Section 199 of the Code of the City of Asheville is in the following language, to wit:

"RESTRICTION OF BUSINESS ON SUNDAYS. It shall be unlawful for any merchant, trader, dealer, firm, corporation, partnership, person or persons, to keep open any shop or business establishment, tonsorial parlor or barber shop, in the City of Asheville on Sunday for the purpose of buying, selling or engaging in the business generally conducted in such shop, store or similar business establishment, tonsorial parlor or barber shop, in the City of Asheville during week days. Provided this shall not apply to garages and filling stations, drug stores, cigar stores, confectionery stores, shops, stands and bakeries which shall be allowed to operate on Sunday for the sale of gas and oil, drugs, medicines, druggist sundries, cigars, tobaccos, fruits, ice, ice cream, confections, nuts, soda and mineral waters, breads, pies, cakes, newspapers, periodicals, and for no other purpose."

Defendant operates a general grocery store in the City of Asheville. On Sunday, 1 May 1949, one Harold Brownlee purchased from him in his place of business a certain quantity of groceries. Defendant's place of business was then open and he stated to Brownlee that he operated and kept his store open seven days a week and that anything he had for sale could be purchased on a Sunday the same as any other day.

The witness stated further that he knows that practically all garages and filling stations, drug stores, cigar stores, confectionery stores, shops, stands and bakeries which stay open on Sunday in Asheville sell anything carried in such places on Sunday the same as they do during the week days, and that such drug stores, cigar stores, confectionery stores, shops, stands and bakeries which stay open on Sunday sell on Sunday other articles of merchandise besides the articles enumerated in the proviso of the ordinance.

There was a verdict of guilty. From judgment on the verdict the defendant appealed.

*Attorney-General McMullan* and *Assistant Attorney-General Bruton* for the State.

*Sale, Pennell & Pennell* for defendant appellant.

BARNHILL, J.  The defendant concedes that the warrant properly charges the alleged offense and that there was sufficient evidence to support the verdict.  He preserves and brings forward only those exceptions which are directed to his contention that the ordinance is unconstitutional and void for that it is arbitrary, unreasonable, and discriminatory, and unlawfully deprives him of his rights, liberties, and freedoms guaranteed by the due process clause of the U. S. Constitution and by N. C. Constitution, Art. I, sec. 17.

The Attorney-General challenges the right of this defendant to assail the constitutionality of the ordinance.  This brings us in the first instance to this question: On this record is the defendant in position to assert the alleged unconstitutionality of the ordinance under which he stands indicted?  If this be answered in the negative, any other question sought to be presented becomes moot.

Counsel for defendant informs us that the validity of Sunday closing ordinances has been the subject of discussion in at least 1,590 cases decided in the various jurisdictions of the United States.  Needless to say, we have not undertaken to examine all of them.  A more limited number establish well-recognized principles of law which are controlling here.  Reference to some of these will suffice.

It is within the police power of the State to enact laws prohibiting secular pursuits on Sunday.  *S. v. Burbage,* 172 N.C. 876, 89 S.E. 795; *Hennington v. Ga.,* 163 U.S. 299, 41 L. Ed. 166; *Petit v. Minn.,* 177 U.S. 164, 44 L. Ed. 716; Anno. 29 A.L.R. 402.

The power to enact Sunday ordinances has been delegated to the municipalities of the State, G.S., 160-52, G.S. 160-200 (6) (7) (10); *S. v. Burbage, supra; S. v. Davis,* 171 N.C. 809, 89 S.E. 40; 50 A.J. 808, and is expressly conferred on the City of Asheville in its charter.  This is conceded.

Legislative bodies may distinguish, select, and classify objects of legislation.  It suffices if the classification is practical.  *Magoin v. Bank,* 170 U.S. 283, 42 L. Ed. 1037; *S. v. Davis, supra.*  They may prescribe different regulations for different classes, and discrimination as between classes is not such as to invalidate the legislative enactment.  *Smith v. Wilkins,* 164 N.C. 135, 80 S.E. 168.

The very idea of classification is inequality, so that inequality in no manner determines the matter of constitutionality.  *Bickett v. Tax Commission,* 177 N.C. 433, 99 S.E. 415; *R. R. v. Matthews,* 174 U.S. 96, 43 L. Ed. 909.  The one requirement is that the ordinance must affect all

persons similarly situated or engaged in the same business without discrimination. *City of Springfield v. Smith,* 322 Mo. 1129.

Only those ordinances which discriminate between those of a particular group or class who are similarly situated with reference to the subject matter of the legislation come within the constitutional inhibitions.

"Courts never anticipate a question of constitutional law before the necessity of deciding it arises." *Chemical Co. v. Turner,* 190 N.C. 471, 130 S.E. 154. They will not listen to an objection made to the constitutionality of an ordinance by a party whose rights it does not affect and who therefore has no interest in defeating it. *St. George v. Hardie,* 147 N.C. 88; *Monamotor Oil Co. v. Johnson,* 292 U.S. 86, 78 L. Ed. 1141; 11 A.J. 750.

It is not sufficient to show discrimination. It must appear that the alleged discriminatory provisions operate to the hurt of the defendant or adversely affect his rights or put him to a disadvantage. *Yarborough v. Park Comm.,* 196 N.C. 284, 145 S.E. 563; *Linen Service Corp. v. Crisp,* 207 N.C. 633, 178 S.E. 93; *Sprunt v. Comrs. of New Hanover,* 208 N.C. 695, 182 S.E. 655; *S. v. Sims,* 213 N.C. 590, 197 S.E. 176; *Sprout v. South Bend,* 227 U.S. 163, 72 L. Ed. 833; *Gorieb v. Fox,* 274 U.S. 603, 71 L. Ed. 1228.

When the class which includes the party complaining is in no manner prejudiced, it is immaterial whether a law discriminates against other classes or denies to other persons equal protection of the law. 11 A.J. 757. He who seeks to raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is discriminated against. *St. George v. Hardie, supra; First Nat. Bank v. Louisiana Tax Comm.,* 289 U.S. 60, 77 L. Ed. 1030; *S. ex rel. Powell v. State Bank,* 4 P. 2d 717, 80 A.L.R. 1494; *People v. Perry,* 298 P. 19, 76 A.L.R. 1331; *Gorieb v. Fox, supra;* 11 A.J. 749, 759.

When we consider the ordinance under attack in the light of these principles, it is made to appear that the defendant has no standing in court for the purpose of attacking its validity on constitutional grounds.

The enactment of the body of the ordinance was clearly within the legislative authority of the city. It applies to shops, stores, and similar business establishments, tonsorial parlors and barber shops. Defendant's business comes within one of the classes named. Hospitals, hotels, restaurants, and other businesses usually classified as works of necessity are not included. *Expressio unius est exclusio alterius.*

The discrimination, if discrimination it be—and this we do not decide —is to be found in the conditions and limitations set forth in the proviso. They relate to garages and filling stations and other specified businesses which are permitted to remain open on Sunday for the limited purpose of selling certain specified articles of merchandise. Grocery stores are not

included and it is not made to appear that defendant keeps in stock for sale any one of the enumerated articles. No competitor of his has been accorded a privilege which is denied to him. *Linen Service Corp. v. Crisp, supra.*

While the evidence tending to show that the conditions of the proviso are not enforced may serve to indict the police officers of the municipality, it forms no basis for an attack upon the constitutionality of the ordinance.

As the defendant's business is not one of the classes of business affected by the proviso, he is not injuriously affected by the terms thereof. Hence he cannot challenge the constitutionality or validity of the ordinance. *Chicago v. Rhine,* 2 N.E. 2d 905, 105 A.L.R. 1045.

In the trial below we find

No error.