CLARK'S CHARLOTTE, INC., A CORPORATION, AND ATLANTIC MILLS OF N. C., INC., A CORPORATION, ON BEHALF OF THEMSELVES AND SUCH OTHER PERSONS, FIRMS AND CORPORATIONS AS ARE SIMILARLY AFFECTED BY AN ORDINANCE AMENDING CHAPTER 13, ARTICLE IV, SECTION 13-56 OF THE CODE OF THE CITY OF CHARLOTTE, TO PROVIDE FOR THE DUE OBSERVANCE OF SUNDAY, AS AMENDED v. J. CLYDE HUNTER, SHERIFF OF MECKLENBURG COUNTY, JOHN HORD, CHIEF, CHARLOTTE POLICE DEPARTMENT; AND G. A. STEPHENS, CHIEF, MECKLENBURG COUNTY RURAL POLICE DEPARTMENT.

(Filed 31 January 1964.)

1. **Constitutional Law § 14; Municipal Corporations § 27—**

The enactment of Sunday regulations comes within the police power, and the General Assembly or a municipal governing board exercising delegated power may enact such regulations provided the classifications of those affected are based upon reasonable distinctions, affect all persons similarly situated, and have some reasonable relation to the public peace, welfare, and safety.

2. **Same—Fact that businesses exempt sell types of articles included in types sold by businesses proscribed does not in itself constitute discrimination.**

A municipal ordinance prohibiting generally the operation of all businesses within the municipality on Sunday but excepting certain businesses, including hotels, drug stores, magazine stands, etc., does not result in unlawful discrimination in regard to general department stores, even though such stores have departments selling the same types of goods as stores within the classifications excepted from the ordinance, since the classification of general department stores as distinguished from drug stores, bakeries, etc., is based upon a reasonable distinction and the ordinance operates equally upon all within the several classifications. Article I, § 17 of the Constitution of North Carolina; Fourteenth Amendment to the Federal Constitution.

**3. Criminal Law § 1—**

    An ordinance proscribing the operation of certain businesses on Sunday *is held* to define the acts proscribed clearly enough so that a reasonably intelligent person is advised of the acts forbidden and to furnish a standard and method for its enforcement, and therefore the act is not void on the ground that it is unconstitutionally uncertain and vague.

**4. Municipal Corporations § 27—**

    Municipal corporations of this State are clothed with power to enact and enforce ordinances for the observation of Sunday.

**5. Statutes § 11—**

    An unconstitutional statute cannot operate to supersede, affect or modify an existing valid city ordinance.

APPEAL by plaintiffs from *Brock, S. J.,* 3 June 1963 Special "A" Civil Session of MECKLENBURG.

Civil action instituted on 4 October 1962 by plaintiffs as a class action to restrain permanently the defendants from enforcing the provisions of an ordinance of the city of Charlotte, and an amendment thereto, commonly known as the city Blue Law, on the ground that the ordinance, and the amendment thereto, violates the provisions of Article I, section 17, of the North Carolina Constitution, and of the Fourteenth Amendment to the United States Constitution.

On 4 October 1962 Riddle, S. J., issued a temporary injunction restraining defendants from enforcing the provisions of this ordinance, and the amendment thereto. On 23 October 1962 defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. On 25 October 1962 Riddle, S. J., overruled the demurrer and continued the temporary injunction to the final hearing. We denied a petition for a writ of certiorari. Thereafter, on 20 November 1962, defendants filed an answer.

The action came on to be heard on its merits before Brock, S. J., at the 3 June 1963 Special "A" Civil Session. Pursuant to the provisions of G.S. 1-184 *et seq.,* the parties waived a jury trial and agreed that the judge should hear the evidence, make findings of fact and conclusions of law, and render judgment thereon.

## FINDINGS OF FACT MADE BY JUDGE BROCK

    "1. That the plaintiff, Clark's Charlotte, Inc., is a North Carolina corporation duly organized and existing with an office and place of business located in the City of Charlotte, Mecklenburg County, State of North Carolina, where it engages in, among other things, a general retail merchandising and mercantile business, including a

restaurant, a department in the store which furnishes medical and surgical supplies, but which does not have a pharmacist and does not fill prescriptions or sell so-called ethical drugs, another department or departments which sell cookies, candies, chewing gum, beverages, tobacco products, books, newspapers, magazines, dairy products, bakery products (there being no bakery on the premises), shoe shine parlors, coin-operated vending machines, and sporting goods and games; that although Clark's Charlotte, Inc., does sell the items described above, it is a department store and the sale of soft goods accounts for the major portion of its sales volume.

"2. That the plaintiff, Atlantic Mills of N. C., Inc., is a corporation duly organized and existing with a place of business in the City of Charlotte, Mecklenburg County, State of North Carolina, where it engages in a general retail merchandising and mercantile business, including a department which sells medical and surgical supplies, but which does not have a pharmacist, does not fill prescriptions and does not sell any of the so-called ethical drugs, a restaurant, cookies, candies, tobacco products, books, newspapers, games, and various coin operated vending machines; that although Atlantic Mills of N. C., Inc. does sell some of the above described items, it is a department store and the major portion of its sales volume comes from the sale of soft goods.

"3. That the term 'soft goods' means clothing of all sorts, towels, sheets, pillow cases, fabrics, and other products made from fabrics of various kinds.

"4. That the plaintiff, Clark's, operates its place of business in a leased premises located within a shopping center and that all customers enter and leave Clark's through an exterior doorway, whereby the customers are required to go by cashier counters and pay for all self service purchased located within the store area, except for bakery, restaurant, and vending machines.

"5. The plaintiff, Atlantic Mills, engages in a general retail merchandising and mercantile business in a leased area with an exterior door for the entrance and exit of all customers and with a check-out counter operated by cashiers and that it is designated as a self-service department store, and all items purchased by the customers in the store area are required to be paid for at the check-out counters, except for restaurant and vending machines.

"6. The defendant, J. Clyde Hunter, is the duly elected and acting Sheriff of Mecklenburg County. The defendant, John Hord, is

the duly appointed and acting Chief of Police of the Charlotte Police Department. The defendant, G. A. Stephens, is the duly appointed and acting Chief of Police of the Mecklenburg County Rural Police Department. That each of the officers in his official capacity intends to enforce the Ordinance as set forth in Paragraph 6 of the plaintiffs' Complaint, and, further, that said officers in their official capacity shall proceed against the plaintiffs and others similarly situated if it is made to appear that a violation of the City Ordinance has occurred. The violation of the City Ordinance in question constitutes a general misdemeanor and each act in violation thereof constitutes a separate and distinct criminal violation.

"7. That the Ordinance complained of is Section 13-56, as amended, of the Code of the City of Charlotte, and was enacted pursuant to the authority granted by G.S. 160-52, G.S. 160-200(6), (7) and (10) and Chapter 366 of the Public-Local Laws of 1939, as amended, and provides that:

" 'It shall be unlawful to conduct, operate or engage in or carry on within the City of Charlotte on Sunday any business except hotels; motels; boarding houses; restaurants; drug stores furnishing medical or surgical supplies, food-stuffs, beverages, tobacco products, books, newspapers and magazines only; food stores furnishing food-stuffs, beverages, tobacco products, books, newspapers and magazines only; newspapers and the sale thereof; public utilities; radio and television broadcasting; public and private hauling and the rental of vehicles therefor and the rental of automobiles; taxicabs; gasoline service stations; refrigeration; dairy products; bakeries; magazine stands; ice and the sale thereof; shoeshine parlors; coin-operated laundries and dry-cleaners; coin-operated vending machines; real estate dealers; funeral directors; cemeteries; florists; and amusements, shows, games, sports and sporting events; provided, however, that it shall be unlawful to operate, stage or put on any amusement, show, game, sport or sporting event, where a fee is charged for admission as a spectator, within the City of Charlotte, on Sunday prior to one o'clock p.m., eastern standard time, except that this section shall not apply to any amusement, show, game, sport or sporting event that is or may be in progress at Saturday midnight.'

"8. That the effective date of Section 13-56, as amended, of the Code of the City of Charlotte was October 1, 1962.

"9. That the present action is a class action instituted by the plaintiffs and numerous other persons, firms, and corporations not

named as parties hereto, but in whose behalf the present action has been instituted, do, along with these plaintiffs operate a general retailing merchandising and mercantile store in the City of Charlotte, and, further, that they and the plaintiffs above-named engage on Sundays in the business of selling articles both embraced and not embraced in the various categories referred to in the above said Ordinance and its amendment.

"10. The plaintiff, Clark's does not compel any of its employees as a condition of employment to work on Sunday, and that the employment of employees on Sunday is of a voluntary nature. That Clark's operates its business on Sunday between the hours of 1:00 p.m. and 6:00 p.m. Any employees of Clark's who volunteer to work the five hours on Sunday are then entitled to a full day off during the week and are paid for a full eight hours of work. The Sunday afternoon business operation of Clark's constitutes approximately 15% of the total dollar volume of the corporation for the entire week, and that the Sunday sales constitute a large and substantial dollar volume of business. That Clark's has applied for, paid for, and received various and sundry licenses from the City of Charlotte, State of North Carolina.

"11. That Atlantic Mills does question each prospective employee as to the willingness of the employee to work on Sunday, and if the employee accepts employment, the employee is expected to work on certain Sundays, but only between the hours of 1:00 p.m. and 6:00 p.m., and for which the employee receives a full day's pay and receives a day off during the week. That the Sunday employment is on a rotated basis among the employees of the corporation. In the corporation operation between 1:00 and 6:00 p.m. on Sunday, Atlantic Mills attributes 33% to 34% of its total weekly business to the Sunday afternoon operation during the three weeks prior to Christmas, and at times other than immediately prior to Christmas, the Sunday operation constitutes approximately 15% to 20% of the total volume of the business for the week. During the three weeks before Christmas, 1962, it is estimated that approximately 63% of the customers at Atlantic Mills came to shop from places outside the City of Charlotte. That the Sunday sales constitute a large and substantial dollar volume of business. That Atlantic Mills has applied for, paid for, and received various and sundry licenses from the City of Charlotte, State of North Carolina.

"12. That both Clark's and Atlantic Mills operate from 9:30 a.m. until 10:00 p.m. on Monday through Saturday of each week.

"13. That each of the plaintiffs above-named derive from their Sunday sales a large and substantial dollar volume of business.

"14. That in order to open any individual department or section of the plaintiffs' business, the plaintiffs' entire general business is also open.

"15. That Section 13-56, as amended, of the Code of the City of Charlotte prohibits the operation of all department stores on Sunday and prohibits the operation of all general retail merchandising and mercantile stores in the City of Charlotte on Sunday; that· under the provisions of the Ordinance, the plaintiffs would not be permitted to conduct, operate, engage in, or carry on their business on Sunday in the City of Charlotte."

## CONCLUSIONS OF LAW MADE BY JUDGE BROCK

"Based upon the foregoing Findings of Fact, the court makes the following Conclusions of Law:

"1. That Section 13-56, as amended, of the Code of the City of Charlotte contains a general prohibition against operation of all businesses in the City of Charlotte on Sunday, but that there are excepted from such prohibition several specified classes of business.

"2. That the operation of department stores or general retail merchandising and mercantile businesses are not among the classes of business excepted from the prohibition of Section 13-56, as amended, of the Code of the City of Charlotte, and that the named plaintiffs and all others similarly situated are required by the Ordinance to close on Sunday.

"3. That Section 13-56, as amended, of the Code of the City of Charlotte affects all persons engaged in the department store or general retail merchandising and mercantile business without discrimination, in that all businesses of this type, including the plaintiffs, are required to close on Sunday.

"4. That Section 13-56, as amended, of the Code of the City of Charlotte is neither arbitrary, capricious, unconstitutionally vague, or violative of any constitutional rights of the plaintiffs."

Based upon his findings of fact and conclusions of law, Judge Brock ordered and decreed that the temporary restraining order theretofore issued be dissolved, and that the action be dismissed and plaintiffs be taxed with the costs.

Thereupon, the court, exercising the discretionary power conferred by G.S. 1-500, ordered that the temporary restraining order remain in effect

pending disposition of plaintiffs' appeal to the Supreme Court, provided that the plaintiffs execute and deposit with the clerk a bond in the sum of $5,000 to indemnify the defendants for any loss they may suffer on account of continuing said restraining order. On 14 June 1963 the required bond was filed.

From the judgment entered, plaintiffs appeal to the Supreme Court.

*Warren C. Stack for plaintiff appellant Clark's Charlotte, Inc.*

*John D. Shaw for plaintiff appellant Atlantic Mills of N. C., Inc.*

*John T. Morrisey, Sr. and T. LaFontine Odom, Sr., for defendant appellee John Hord.*

*James O. Cobb for defendant appellees J. Clyde Hunter and G. A. Stephens.*

PARKER, J.  Plaintiffs have not excepted to any of the findings of fact made by Judge Brock, and they have not excepted to his first conclusion of law. They except to his second, third and fourth conclusions of law and to the judgment and assign them as error.

The challenged ordinance as amended has a general provision stating that it shall be unlawful to operate or carry on any business on Sunday in the city of Charlotte, with a second provision exempting certain specified types of business from the operation of the first provision and permitting them to remain open on Sunday, with a proviso that sporting events, etc., before 1:00 p.m. on Sunday where a fee is charged for admission are not exempt. Judge Brock's first conclusion of law, to which there is no exception in the record, is correct. This is one of the three principal types of Sunday closing legislation or ordinances. *Humphrey Chevrolet v. Evanston*, 7 Ill. 2d 402, 131 N.E. 2d 70, 57 A.L.R. 2d 969.

Plaintiffs here, like the defendant in *S. v. McGee*, 237 N.C. 633, 75 S.E. 2d 783, and like the defendant in *S. v. Towery*, 239 N.C. 274, 79 S.E. 2d 513, appeal dismissed 347 U.S. 925, 98 L. Ed. 1079, do not contend that the challenged ordinance as amended discriminates against them insofar as it applies to any other person or persons engaged in the operation of a similar department store or stores or similarly situated. One of their principal grounds of attack upon the ordinance as amended is that it is discriminatory, arbitrary and unreasonable, denies them the equal protection of the law, and deprives them of their property without due process of law, all in violation of their rights under the Fourteenth Amendment to the United States Constitution and under Article I, section 17, of the North Carolina Constitution, because it permits drug stores, food stores, restaurants, and other enumerated businesses to stay open and sell on Sunday some of the same goods that they as operators

of large department stores sell, and denies them the privilege of opening their department stores and selling goods on Sunday. They rely upon *Elliott v. State*, 29 Ariz. 389, 242 P. 340, 46 A.L.R. 284; *Mt. Vernon v. Julian*, 369 Ill. 447, 17 N.E. 2d 52, 119 A.L.R. 747, and similar cases.

As long ago as A.D. 321 Constantine the Great passed an edict commanding all judges and inhabitants of cities to rest on the venerable day of the sun. At an early date Sunday statutes were enacted in England, and 29 Charles II c. 7 has been made the basis of similar legislation in many of the states. A few such statutes were enacted in what is now the United States during colonial days. The observance of Sunday is recognized by constitutions and legislative enactments, both state and federal, and it is said Sunday prohibitory laws have been enacted in all the states. 83 C.J.S., Sunday, sec. 3.

The general rule is that the enactment of Sunday regulations is a legitimate exercise of the police power, and that the classification on which a Sunday law is based is within the discretion of the legislative branch of the government or within the discretion of the governing body of a municipality clothed with power to enact and enforce ordinances for the observance of Sunday, and will be upheld, provided the classification is founded upon reasonable distinctions, affects all persons similarly situated or engaged in the same business without discrimination, and has some reasonable relation to the public peace, welfare and safety. *S. v. McGee, supra; S. v. Trantham*, 230 N.C. 641, 55 S.E. 2d 198; 83 C.J.S., Sunday, sec. 3, c and d; Anno. 119 A.L.R. p. 752.

"While the statute [a statute prohibiting public selling on Sunday except in enumerated cases] may not be perfectly symmetrical in its pattern of exclusions and inclusions, the equal protection of the laws does not require a Legislature to achieve 'abstract symmetry,' *Patsone v. Commonwealth of Pennsylvania*, 232 U.S. 138, 144, 34 S. Ct. 281, 58 L. Ed. 539, or to classify with 'mathematical nicety.'" *People v. Friedman*, 302 N.Y. 75, 96 N.E. 2d 184. This principle of law also is applicable to a municipal ordinance prohibiting public selling on Sunday, except in enumerated cases, when the governing body of the municipality is clothed with the power to enact and enforce ordinances for the observance of Sunday.

In *McGowan v. Maryland*, 366 U.S. 420, 6 L. Ed. 2d 393, which was a case concerning the constitutional validity of certain Maryland criminal statutes commonly known as Sunday Closing Laws or Sunday Blue Laws, the Court said:

> "Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide

scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

There are a line of cases, such as *Mt. Vernon v. Julian (Ill.), supra,* which is reported and annotated in 119 A.L.R. 747 and which is cited in the annotation in 57 A.L.R. 2d 987, upon which plaintiffs rely, that take the position because a drug store might sell some of these things that the grocers or these others sell then the Act is discriminatory and unconstitutional. This Court by the present Chief Justice has answered the arguments of the *Mt. Vernon v. Julian (Ill.)* case, and others that hold to the same effect, in *S. v. Towery, supra.*

In this case Towery was tried and convicted in the superior court, on appeal from the municipal court of the city of High Point, on a warrant charging him, the operator of a curb market, with keeping his curb market open on Sunday for the purpose of selling his goods, and with selling on Sunday tomatoes, peaches and toilet paper, in violation of a city ordinance. The city ordinance prohibited the operation of businesses on Sunday and exempted from its operation hotels, restaurants, delicatessen and sandwich shops, and the like "furnishing meals and selling bread, cooked or prepared meats incidental to the operation of such business"; ice cream or confectionery stores "furnishing ice cream, cigars, tobacco, nuts and soft drinks *only*"; cigar stands and newstands "furnishing cigars, tobacco, candies, nuts, newspapers, magazines and soft drinks *only*"; drug stores "furnishing medical or surgical supplies, cigars, tobacco, ice cream, candies, nuts, soft drinks, newspapers and magazines"; and certain others. (Italics ours.) Defendant operated a curb market and, according to his own testimony, sold "practically everything that is sold in a general grocery store or a super market."

The present Chief Justice writing for the Court the opinion in the *Towery* case said:

"It would seem that the reasoning of the Illinois Court [*Mt. Vernon v. Julian*] ignores the right of a municipality in adopting a Sunday closing ordinance to discriminate as between classes, *S. v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198, but instead makes the question of competition or the right generally to conduct a business the determinative factor.

\*	\*	\*

"The defendant here, like the defendant in *S. v. McGee, supra* [237 N.C. 633, 75 S.E. 2d 783], does not claim that the ordinance discriminates against him in so far as it applies to any other person or persons similarly situated. He simply claims that the business establishments permitted to remain open on Sunday sell certain articles of merchandise similar to those which he sells, therefore, he says they are his competitors. He falls into error in undertaking to make competition as between classes the test rather than discrimination within a class.

*                *                *

"Moreover, it will be noted that in the ordinance under consideration, the exemption as to cafes, delicatessens and sandwich shops is limited to those furnishing meals and selling bread, cooked or prepared meats incidental to the operation of such business. Likewise, the exemption extends to (1) 'ice cream or confectionery stores, furnishing ice cream, cigars, tobacco, nuts and soft drinks *only;*' and (2) 'cigar stands and newsstands furnishing cigars, tobacco, candies, nuts, newspapers, magazines and soft drinks *only.*' (Italics ours.)

"The defendant, according to his own testimony, operates a curb market and sells 'practically everything that is sold in a general grocery store or super market.' Therefore, he has shown no arbitrary or unreasonable exercise of the police power in the classification and selection of businesses to be closed on Sunday.

*                *                *

"After a careful consideration of the question raised on this record, and the authorities bearing thereon, we are of the opinion that the ordinance in so far as it has been challenged on this appeal, is constitutional and, therefore, the verdict below must be upheld."

The Court in the *Towery* case relies upon *S. v. Medlin,* 170 N.C. 682, 86 S.E. 597, in which case the Court said: "This ordinance, which prohibits keeping open stores and other places of business for the purpose of buying or selling, except ice, drugs and medicines, and permits the drug stores to sell soft drinks and tobacco for a limited time in the morning and afternoon, as a convenience to public customs, is not an unreasonable exercise of the police power." In the *Towery* case it is stated: "This decision has been followed and cited with approval in *S. v. Davis,* 171 N.C. 809, 89 S.E. 40; *S. v. Burbage,* 172 N.C. 876, 89 S.E. 795; *Lawrence v. Nissen,* 173 N.C. 359, 91 S.E. 1036; *S. v. Kirkpatrick,* 179 N.C. 747, 103 S.E. 65; *S. v. Weddington,* 188 N.C. 643, 125 S.E. 257, 37 A.L.R. 573, and *S. v. McGee, supra* [237 N.C. 633, 75 S.E. 2d 783]."

In *Kirk v. Olgiati,* 203 Tenn. 1, 308 S.W. 2d 471 (6 Dec. 1957), the Court held that an ordinance of the city of Chattanooga requiring Sunday

closing of general merchandise, department, hardware, jewelry, furniture and grocery stores, super markets, meat markets and similar establishments is not discriminatory, arbitrary and an unreasonable exercise of the police power on any theory that drug stores, curb markets, filling stations and similar establishments selling same goods as grocery stores are permitted to stay open. The Supreme Court of Tennessee in this case relies upon our case of *S. v. Towery, supra,* as a principal authority for its decision.

According to the unchallenged findings of fact, this appears as to the business of the plaintiffs here: They operate large department stores, and the sale of "soft goods" accounts for a major portion of their sales volume. The term "soft goods" means clothing of all sorts, towels, sheets, pillowcases, fabrics, and other products made from fabrics of various kinds. One or both have a department which sells medical and surgical supplies, but which does not have a pharmacist and does not fill prescriptions or sell so-called ethical drugs. One or both have a department or departments which sell cookies, candies, chewing gum, beverages, tobacco products, books, newspapers, dairy products, and bakery products. Each operates in its store a restaurant. One or both have in their store coin-operated vending machines. In our opinion, and we so hold, the operation of large department stores by plaintiffs here, the major portion of whose sales volume comes from the sale of "soft goods," although they sell many other goods as specified in the findings of fact, is an entirely different business from "drug stores furnishing medical or surgical supplies, foodstuffs, beverages, tobacco products, books, newspapers and magazines *only*"; and from "food stores furnishing foodstuffs, beverages, tobacco products, books, newspapers and magazines *only*"; (Italics ours.) and from restaurants; and from any of the other businesses enumerated in the challenged ordinance as amended, and may be placed in a different classification, and the business of the plaintiffs as the operators of large department stores reasonably justifies their being placed in a different classification from the businesses permitted to be open and to sell goods on Sunday in the challenged ordinance as amended. In consequence, plaintiffs have shown no discriminatory, arbitrary, or unreasonable exercise of the police power by the governing body of the city of Charlotte in the classification and selection of businesses, in the ordinance as amended here, to be closed or permitted to be open on Sunday, and such classification does not deny them the equal protection of the law, and does not deprive them of their property without due process of law, in violation of their rights under the Fourteenth Amendment to the United States Constitution and under Article I, section 17, of the North Carolina Constitution.

Plaintiffs further contend that the challenged ordinance as amended is void for vagueness in that it furnishes no standards for enforcement and gives no definition so that one can know a crime is being committed. The purpose of the "void for vagueness" doctrine is to warn people of the criminal consequences of certain conduct. The ordinance of the city of Charlotte challenged in the case of *S. v. McGee, supra,* is in many ways strikingly similar to the challenged ordinance as amended here, and we upheld the constitutionality of the ordinance challenged in the *McGee* case. The challenged ordinance in *S. v. Towery, supra,* is in many respects similar to the challenged ordinance as amended here, and we upheld the constitutionality of that ordinance. In our opinion the challenged ordinance as amended expresses the conduct prohibited clearly enough so that a reasonably intelligent person will know what is forbidden and, consequently, is not unconstitutionally void on the ground of uncertainty and vagueness. *S. v. Hales,* 256 N.C. 27, 122 S.E. 2d 768; *McGowan v. Maryland, supra;* University of Kansas Law Review, vol. 10, 1961-62, p. 444. It seems from the unchallenged sixth finding of fact by the court that the ordinance as amended here furnishes a standard and method for its enforcement.

Plaintiffs do not challenge the fact that the governing body of the city of Charlotte is clothed with power to enact and enforce ordinances for the observance of Sunday. The city has such power, and that question has been decided in *S. v. McGee, supra.*

The effective date of the challenged ordinance as amended is 1, October 1962. Plaintiffs contend that this ordinance as amended has been superseded and replaced by Ch. 488, Session Laws 1963, which is entitled "AN ACT TO REWRITE G.S. 14-346.2 TO PROHIBIT CERTAIN BUSINESS ACTIVITIES ON SUNDAY." In the recent case of *Treasure City v. Clark, Ante,* 130, 134, S.E. 2d 97, the Court held this Act unconstitutional, because it violates the provisions of Article II, section 29, of the North Carolina Constitution. This contention is untenable because an unconstitutional statute cannot operate to supersede and replace or to affect or modify an existing valid city ordinance. *Board of Managers v. Wilmington,* 237 N.C. 179, 74 S.E. 2d 749; *Chicago, I.L.R. Co. v. Hackett,* 228 U.S. 559, 57 L. Ed. 966; 16 C.J.S., Constitutional Law, sec. 101, p. 473.

We are of opinion, and so hold, that the ordinance as amended is constitutional, insofar as it has been challenged on this appeal, and that the trial court's findings of fact and conclusions of law, and its judgment based thereon are legally correct. All plaintiffs' assignments of error are overruled. The judgment below is

Affirmed.