S. S. KRESGE COMPANY, SKY CITY STORES. INC., AND ZAYRE OF HIGH POINT, INC. v. ROBERT D. DAVIS, MAYOR OF THE CITY OF HIGH POINT; PAUL CLAPP, WILLIAM BENCINI, FRED M. YODER, FRED SWARTZBERG, J. COY PUTNAM, JAMES R. SHELTON, O. ARTHUR KIRKMAN, AND JOHN W. THOMAS, JR., MEMBERS OF THE CITY COUNCIL FOR THE CITY OF HIGH POINT, NORTH CAROLINA; LAURIE PRITCHETT, CHIEF OF POLICE OF THE CITY OF HIGH POINT; DOUGLAS ALBRIGHT, SOLICITOR OF THE SUPERIOR COURT; AND ROSS STRANGE, DISTRICT COURT PROSECUTOR

No. 7018SC241

(Filed 24 June 1970)

**Sundays and Holidays—　High Point Sunday observance ordinance**

Trial court properly sustained a demurrer to a complaint attacking the constitutionality of the High Point Sunday observance ordinance.

APPEAL by plaintiffs from *Exum, J.,* 19 December 1969, in Chambers, GUILFORD Superior Court, High Point Division.

This action was instituted on 5 December 1969 to enjoin the enforcement of Section 15-35 of the Code of Ordinances of the City of High Point, revised 1957, for the alleged reasons that the ordinance was either unconstitutional on its face or was unconstitutional because of the discriminatory manner in which it had been enforced since its adoption. A temporary restraining order was entered on 5 December 1969 enjoining the enforcement of the questioned ordinance. By judgment entered as of 19 December 1969, James G. Exum, Jr., resident superior court judge, sustained defendants' *demurrer ore tenus* on the grounds that plaintiffs' complaint failed to state facts sufficient to constitute a cause of action. Upon notice of appeal being given by plaintiffs, the court, in its discretion, continued the temporary restraining order in effect until plaintiffs' appeal could be disposed of.

*Gardner & Wilson by Rossie P. Gardner for plaintiff appellants.*

*Knox Walker for defendant appellee City of High Point.*

*Morgan, Byerly, Post & Keziah by J. V. Morgan, and Smith & Patterson by Norman B. Smith for defendant appellees.*

MALLARD, C.J.

The ordinance of the City of High Point involved in this proceeding is substantially similar to the ordinance of the City of Raleigh which was upheld in the case of *Kresge Co. v. Tomlinson and Arlan's Dept. Store v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236 (1969).

In *Kresge v. Tomlinson, supra,* Justice Bobbitt (now Chief Justice) noted that the Charlotte ordinance considered and upheld in *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364 (1964), and the Winston-Salem ordinance considered and upheld in *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370 (1965), were similar to the Raleigh ordinance. The Court also noted that the Greenville ordinance considered and upheld in *Clark's v. West,* 268 N.C. 527, 151 S.E. 2d 5 (1966), is identical in all material aspects to the one considered in *Charles Stores v. Tucker, supra.*

We have carefully considered the assignment of error brought forward by the plaintiff appellants and are of the opinion and so

hold that the judgment of the superior court sustaining the demurrer interposed by the defendants ought to be affirmed.

Affirmed.

MORRIS and GRAHAM, JJ., concur.