[No. 17883.  *En Banc.*  January 25, 1924.]

MOTOR CAR DEALERS' ASSOCIATION OF SEATTLE *et al.,* *Appellants,* v. FRED S. HAINES COMPANY *et al.,* *Respondents.*[1]

INJUNCTION (38)—NUISANCE (11, 12, 15)—RESTRAINING NUISANCE —UNLAWFUL OCCUPATIONS—VIOLATION OF STATUTE—SUNDAY CLOSING LAW. The keeping open of a place for the sale of automobiles on Sunday, in violation of Rem. Comp. Stat., § 2494, making it a misdemeanor, is not a nuisance *per se;* and is not a nuisance as defined by Rem. Comp. Stat., § 943, and § 9914, in the absence of an allegation that the same annoys, injures or endangers the comfort, health or safety of others or offends decency, or renders others insecure in life or the use of property.

NUISANCE (15)—SPECIAL INJURY TO PRIVATE PERSONS. The selling of automobiles on Sunday does not constitute "special injury" to other dealers, within the meaning of Rem. Comp. Stat., § 9921, authorizing a private person to maintain a civil action for a public nuisance specially injurious to himself.

CONSTITUTIONAL LAW (102, 125)—DUE PROCESS—EQUAL PROTECTION OF LAWS—OCCUPATIONS OR EMPLOYMENT—SUNDAY CLOSING LAW. Rem. Comp. Stat., § 2494, prohibiting the sale of personal property

[1]Reported in 222 Pac. 611.

on Sunday, while it allows the sale of real estate, does not contravene Const., Art. 1, § 12, guaranteeing the equal protection of the laws.

MACKINTOSH, MITCHELL, and PEMBERTON, JJ., dissent.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 16, 1922, upon sustaining demurrers to the complaint, dismissing an action for an injunction. Affirmed.

*Roberts & Skeel* and *J. J. Geary,* for appellants.

*Cosgrove & Terhune,* for respondents Haines Company *et al.*

*Van Dyke & Thomas,* for respondent Eberharter.

*Ryan & Desmond,* for respondents Harmon *et al.*

HOLCOMB, J.—This is an action for an injunction to restrain defendants from selling automobiles on Sunday in violation of the Sunday closing law, § 2494, Rem. Comp. Stat. [P. C. § 9122], and Ordinance No. 32,158, of the city of Seattle, p. 33, reading in part as follows:

"Every person who, on the first day of the week . . . shall conduct or carry on, or perform or employ any labor about any trade or manufacture, . . . or sell, offer or expose for sale, any personal property, shall be guilty of a misdemeanor."

The amended complaint in part alleges:

"That the defendants, and each of them, have wrongfully, unlawfully, continuously violated the Sunday closing laws and ordinances, and are continuing to violate the same, and that they are open each and every Sabbath day violating the Sunday closing ordinances and statutes, and will continue to do so unless enjoined by action of this Honorable Court, and that they will, notwithstanding any effort to enforce the criminal laws against their wrongful and unlawful conduct, continue on each and ever succeeding Sunday to keep their places of business open for the transaction of business and for the employment of labor and the exposition of

their merchandise for sale, and that these plaintiffs have no other adequate remedy at law, or at all except by the interposition of this Honorable Court by injunction. That the plaintiffs in this action, and each of them, are engaged in the business of selling and dealing in automobiles and automobile supplies and accessories, and are keeping and abiding by the Sunday closing laws, and desire to continue to keep and observe said laws. That they, and each of them, have in the past suffered, and are continuing to suffer, and will continue to suffer and sustain great loss, harm and damage by the wrongful and unlawful acts of the defendants, as aforesaid, and of each of them, and that by the wrongful and unlawful acts of the defendants in keeping open their places of business for the employment of labor and exposure for sale, and sale, of merchandise, each of the plaintiffs, separately and individually, has suffered and will continue to suffer and sustain injury, harm, loss and damage, and that the community and the public in and about the place of business of the defendants have suffered and sustained loss, harm and damage, and will continue to suffer and sustain such loss, harm and damage by the wrongful and unlawful acts of the defendants, and while the public and the community in which these defendants carry on their wrongful and unlawful business on the Sabbath day has suffered and will continue to suffer and sustain loss, harm and damage, these plaintiffs, and each of them, nevertheless have suffered and sustained and will continue to suffer and sustain additional and further loss, harm and damage peculiar to them and different from that sustained and suffered by the public and the community.

"That the automobile business in the city of Seattle is principally carried on in the same community and vicinity, the places of business of the plaintiffs and defendants being closely adjoining each other, and all grouped together in one locality, some of them being immediately adjoining, and others across the street, and none of them far distant from each other, and said business is in a location and part of the city generally known and designated as Automobile Row. That such

business is carried on in a district or part of the city which is also a residential district as well as the location of the automobile business, and there are in that particular district, community or territory, many residents, and many people have their homes there and occupy and live in apartment houses, and that the carrying on and conducting of the automobile business by the defendants, and each of them, annoys, harasses and interferes with the comfort and repose of the community and of the public, and the residents of that district. That it annoys, injures and endangers the comfort and repose and offends the sensibilities of the public, including these plaintiffs, and of those resident in the district, and affects the rights, privileges, and peace and repose of all the residents of that district, and of these plaintiffs, and that their wrongful and unlawful conduct as hereinabove set forth is such as to essentially interfere with the comfortable enjoyment of the life and property of the said community and of these plaintiffs individually, and that these plaintiffs allege that their property, and they each allege that as individuals their property is injuriously affected and that their personal enjoyment is thereby lessened, and that the property of the residents of the district and community is injuriously affected, and their personal enjoyment lessened by such wrongful conduct on the part of the defendants, and each of them.

"That the defendants are engaged in a like business with that of plaintiffs, and that although the different dealers may be engaged in the sale of different makes, kinds and classes of machines, for one dealer to keep open his place of business in the immediate vicinity of another dealer whose place of business is closed, is to give and allow to the dealer who keeps open a wrongful advantage over his neighbor and competitor. That if plaintiffs keep their places of business closed and obey and are compelled to obey the law in closing their places of business, and the defendants are allowed to keep open their places of business in violation of the law, then customers of the plaintiffs will be induced thereby to go to the places of business of the defendants, and plaintiffs have in the past lost business, lost

their customers, lost their prospective purchasers, and will continue so to lose their purchasers and their business, to their great damage, loss and harm. That to allow these defendants, or either of them, to keep their places of business open on Sunday in violation of the law is to allow them to have and obtain a wrongful, unlawful and undue advantage over the plaintiffs, and each of them, and over any of their competitors in the district, and allows them to solicit business which would otherwise go to plaintiffs, and to procure their prospective customers of plaintiffs as customers of defendants. That many prospective purchasers of automobiles have no fixed or determined idea of the car they intend to purchase, and they are in the habit of going from place to place and examining and inspecting and demonstrating the different kinds and makes of cars, and then determining upon which one they will purchase, and if defendants are allowed to remain open on the Sabbath day when plaintiffs' places of business are closed, plaintiffs have no opportunity to exhibit or demonstrate their cars, while the few defendants who keep open obtain all the prospects, show and demonstrate their cars, and take away the business of the plaintiffs, to plaintiffs' great loss, harm and damage, which they have already sustained and which they will continue to sustain by the continual trespass and violation of the law on the part of the defendants unless restrained by this Honorable Court.''

The trial court sustained demurrers and motions considered with the demurrers to the amended complaint and entered judgment dismissing the action, this appeal resulting.

It is first contended by respondents that ''the acts of the defendants do not constitute a nuisance, and not being a nuisance, plaintiffs cannot enjoin them because they may involve a violation of a statute or ordinance.'' Observations made in *Puget Sound Tr., L. & P. Co. v. Grassmeyer,* 102 Wash. 482, 173 Pac. 504, L. R. A. 1918F 469, are quoted by appellants as follows, as sustaining their complaint:

". . . to engage in any form of business in defiance of laws regulating or prohibiting the business is a nuisance *per se*, and a person so engaging therein may, in this jurisdiction, be enjoined from so doing by anyone suffering a special injury thereby. . . . (Citing cases.) And such an action will lie even though there may be for the wrong committed the legal remedy of arrest and punishment. (Citing cases.)"

But the language relied upon from the *Grassmeyer* case, *supra*, is not of such comprehensive effect as appellants think. In that case we were dealing with a case where the plaintiffs, seeking an injunction, had a franchise to occupy streets and operate a street railway thereon and carry passengers for hire. The injunction was sought against persons having no franchise, no license or permit of any kind, and who were virtually trespassing upon the property of appellant, although appellant did not have an exclusive franchise to carry passengers; but the other passenger carriers had no right of any kind. They were *engaging* in the business unlawfully. It was also shown that they were depriving the franchise holder of a very great deal of business and profits.

Practically the same situation existed in *Northern Pac. R. Co. v. Schoenfeldt*, 123 Wash. 579, 213 Pac. 26, as to the railway company having a franchise and vested right to carry passengers, while the defendants had no such right and obtained none.

The elementary definition of a nuisance *per se* is that "it is an act, occupation, or structure which is a nuisance at all times and under all conditions regardless of the location or surroundings." 29 Cyc. 1153.

Appellants relied upon the text:

"Acts that will cause the destruction of complainant's property, or acts that interfere with the carrying on of complainant's business, or with the use of his property, destroying his custom, his credit or his prof-

its, do an irreparable injury, and authorize the issuance of a preliminary injunction." 22 Cyc. 764.

But there is no such a situation shown by the amended complaint in this case. There is no destruction of appellants' property alleged, nor acts that interfere with the carrying on of appellants' business, nor with the use of their property, nor have the acts complained of destroyed their custom, credits, or profits to any definite, ascertainable and certain extent.

Our statutes define nuisances as follows:

". . . whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of life and property, is a nuisance, and the subject of an action for damages and other and further relief." Rem. Comp. Stat., § 943 [P. C. § 8231].

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency, . . . or in any way renders other persons insecure in life or in the use of property." Rem. Comp. Stat., § 9914 [P. C. § 9138-68].

"A public nuisance is one which affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal." Rem. Comp. Stat., § 9912 [P. C. § 9131-69].

"A private person may maintain a civil action for a public nuisance, if it is especially injurious to himself, but not otherwise." Rem. Comp. Stat., § 9921 [P. C. § 9131-75].

There are no allegations in the amended complaint charging that the keeping open by respondents of their places of business for the sale of automobiles on Sundays annoys, injures or endangers the comfort, repose, health or safety of others, or offends decency, or in any way renders others insecure in life or in the use of property.

It is true appellants use the exact terms of the statutes in setting up their causes of action. But the court must judge of them as to whether they are facts which constitute a public nuisance, and by reason of the special injury to appellants become peculiarly a private nuisance to them and so entitle them to maintain such an action.

There is no doubt that the acts which respondents are alleged to be committing are lawful on every other day except Sunday. Appellants themselves engage in the same business on every other day except Sunday, and therefore the acts complained of are not acts which constitute a nuisance at all times and under all conditions, thus failing of one of the most important elements of a nuisance *per se*.

Of the cases which were cited in the *Grassmeyer* case, *supra*, the first five of them were based upon acts the doing of which was made expressly a nuisance by the laws of the state. The last three of them were not particularly in point upon the question.

It is our opinion that this action is nothing more than an attempt to enforce the criminal laws against selling personal property on Sunday by injunction, and deprive the persons accused of the right of trial by jury. Nor do we believe that the acts complained of constitute any special injury to appellants within the meaning of the rule applied to such cases.

It is next contended that § 2494, Rem. Comp. Stat. [P. C. § 9122], and Ordinance No. 32,158 of Seattle, which are identical in terms, are unconstitutional as contravening § 12, of article I, of the state constitution, and of the fourteenth amendment to the United States constitution, guaranteeing to citizens the equal protection of the law. It is claimed that the law violates these provisions of the constitution because it prohibits the sale of personal property on Sunday while it allows

the sale of real estate. The question is foreclosed by our own decisions. *State v. Nichols,* 28 Wash. 628, 69 Pac. 372; *State v. Bergfeldt,* 41 Wash. 234, 83 Pac. 177, 6 Ann. Cas. 979.

The judgment is affirmed.

MAIN, C. J., TOLMAN, FULLERTON, PARKER, and BRIDGES, JJ., concur.

MACKINTOSH, J. (dissenting)—The acts complained of constitute a nuisance and are specially injurious to the appellants and should be enjoined.

MITCHELL, J., concurs with MACKINTOSH, J.

PEMBERTON, J. (dissenting)—There can be no question but what the allegations of the complaint bring this case squarely within the rule announced in the case of *Puget Sound Tr., L. & P. Co. v. Grassmeyer,* 102 Wash. 482, 173 Pac. 504, where this court said:

". . . to engage in any form of business in defiance of laws regulating or prohibiting the business is a nuisance *per se,* and a person so engaging therein may, in this jurisdiction, be enjoined from so doing by any one suffering a special injury thereby. . . . (Citing cases.) And such an action will lie even though there may be for the wrong committed the legal remedy of arrest and punishment. (Citing cases.)"

This rule was reaffirmed in the case of *Northern Pacific R. Co. v. Schoenfeldt,* 123 Wash. 579, 213 Pac. 26, and in the case of *State ex rel. Seattle & Rainier Valley R. Co. v. Superior Court,* 123 Wash. 116, 212 Pac. 259.

To the contention of respondents "that the plaintiffs were not specifically injured by the acts of the defendants so as to entitle them to maintain the action," the court stated in the *Grassmeyer* case, *supra,* that:

"Finally, it is said that the damages alleged are not special within the meaning of the rule permitting in-

junctive relief against one who unlawfully interferes with the property rights of another. If we have correctly caught the respondent's meaning, the objection is that losses inflicted upon the plaintiff are incidental rather than direct, since there is no actual injury to its physical property. But the rule is not so narrow as the objection assumes.

"The sole income of the plaintiff's business is derived from the fares collected of passengers whom it carries, and any deprivation of these fares is an interference with its property—wrongful and subject to be restrained by injunction, if the interference is in violation of positive law or otherwise without legal right."

Under this rule the amended complaint sufficiently alleges special damages.

I would not further enlarge the power of the court to enforce criminal statutes by injunction and thereby defeat the right to trial by jury.

The rights of those engaged in the automobile business are as sacred as those engaged in public service, and there is no reason shown why these rights should not be protected to the same extent.