CLAY YORK et al.

*v.*

AMERICAN SERVICE COMPANY, INC.

(*Nashville,* December Term, 1958.)

Opinion filed December 12, 1958.

FARRELL & NEIL, Nashville, for appellants.

JOHN CONNERS, HOWARD, DAVIS, BOULT & HUNT, J. OLIN WHITE, MANIER, CROUCH & WHITE, Nashville, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The complainants filed their original bill in the Chancery Court at Nashville, to restrain the defendants from operating their retail grocery business on Sundays.

They charge in the bill that the defendants are operating in violation of T.C.A. sec. 39-4001, and that complainants have and will continue to suffer special damages, and there is no adequate remedy at law.

Complainants' original bill contains the following statement:

"Some months ago, a movement was commenced among Nashville grocers to return to a strict observance of the Sunday closing statute, and a large number of Nashville's retail grocers including complainant York, closed their stores on October 6, 1957, and have continued to close them on each Sunday since. Complainants aver that they, and each of them are now in compliance with the law.

"Defendants have failed and refused to join with complainants in observing the requirements of the statute, but instead, have opened and operated its retail stores listed above on each Sunday during the past several years, up to and including the filing of this bill, and proposes to continue so to do, and in so open a

manner as to attract public attention, selling groceries to numbers of customers.''

Along with the bill two form affidavits were filed, one showing a Sunday sale of $2.12 and the other a Sunday sale of $1.34 by the defendants to regular patrons of complainants.

The original bill reveals that the purpose of complainants' bill is to force the defendants by injunction to join with complainants in observing T.C.A. sec. 39-4001.

The bill also charges that if the injunction is not granted that the complainants will suffer special damages on account of anticipated profits.

The Chancellor sustained a demurrer to the bill on the ground that a court of equity had no jurisdiction to restrain the commission of crimes, but there must be an injury to the legal or equitable rights of the complainants. See Gibson—5th Ed. sec. 871; 28 Am.Jur. 346; 25 Am.Jur. 346; and see also *State ex rel v. Nashville Baseball Club,* 127 Tenn. 292, 154 S.W. 1151.

We are of the opinion that the penalty provided by the Act, T.C.A. Section 39-4001, is the exclusive punishment for violation of the Section. *State ex rel. v. Nashville Baseball Club, supra; Davis v. Swift & Co.,* 175 Tenn. 210, 133 S.W.2d 483.

The case in point is *Motor Car Dealers Ass'n of Seattle v. Fred S. Haines Co.,* 128 Wash. 267, 222 P. 611, 36 A.L.R. 493. That was a bill for an injunction by a group of automobile retail dealers to restrain defendants, other auto retail dealers, from selling automobiles on Sunday in violation of the Sunday Closing Law, Rem. Comp. Stat. sec. 2494—the violation of which is a misdemeanor.

The complainants set out how the defendants, by remaining open on Sunday, unlawfully obtained "a wrongful, unlawful and undue advantage over the plaintiff," their competitors, which resulted in taking "away the business of the plaintiffs, to plaintiffs' great loss, harm and damage * * *."

The court affirmed the trial court in sustaining a demurrer, concluding as follows:

"It is our opinion that this action is nothing more than an attempt to enforce the criminal laws against selling personal property on Sunday, by injunction * * *. Nor do we conclude that the acts complained of constitute any special injury to appellants within the meaning of the rule applied to such cases." See also Annotations 9 A.L.R. 925 and 36 A.L.R. 499.

It results that we find no error in the decree of the Chancellor dismissing the bill and it is affirmed.

NEIL, CHIEF JUSTICE, not participating.