STATE OF NORTH CAROLINA v. JOSEPH MARTIN

No. 696SC384

(Filed 17 December 1969)

**1. Municipal Corporations § 30— mobile homes — violation of zoning ordinance**

The evidence *is held* sufficient for the jury in this prosecution for unlawfully parking or storing a mobile home or trailer in violation of a municipal zoning ordinance.

**2. Statutes § 4— construction — constitutionality**

If a statute is susceptible of two interpretations, one constitutional and the other unconstitutional, the former will be adopted.

**3. Municipal Corporations § 30— Ahoskie zoning ordinance — mobile home parks**

Zoning ordinance of the Town of Ahoskie clearly and concisely establishes the standards and procedures for obtaining approval of a mobile home park by the Town Council.

**4. Municipal Corporations § 30— zoning ordinance — constitutionality — nonconforming uses — applicability to defendant**

In this prosecution for unlawfully parking or storing a mobile home in violation of a municipal zoning ordinance, sections of the zoning ordinance attacked by defendant as unconstitutional relating to duties of the building inspector with reference to nonconforming uses in existence at the time the ordinance was adopted do not apply to defendant, where the evidence shows that defendant moved his mobile home into the municipality more than two years after adoption of the ordinance.

5. **Municipal Corporations § 30— Ahoskie zoning ordinance — maintenance permits — discretion of building inspector — constitutionality**

Zoning ordinance of the Town of Ahoskie does not authorize the building inspector in his unbridled discretion to determine whether or not a temporary maintenance permit for a mobile home park should be issued, the ordinance specifically providing that no maintenance permit may be issued for any mobile home park not in operation when the ordinance was adopted, and the ordinance being specific as to the conditions under which such permit may be issued.

6. **Municipal Corporations § 30— violation of zoning ordinance — failure to enforce against others**

It is no defense to a charge of unlawfully parking a mobile home in violation of a municipal zoning ordinance that the ordinance has not been enforced against the owners of other mobile homes parked in the town.

APPEAL by defendant from *Bundy, J.,* April 1969 Term of HERTFORD Superior Court.

Defendant was tried on a warrant charging in essence that on or about 11 September 1968 he did unlawfully park or store a mobile home or trailer in the Town of Ahoskie in violation of Article 5, Section 2 of the zoning ordinance. Evidence for the State tended to show the following. The ordinance was duly adopted by the town on 24 January 1966. On or about 3 September 1968 the defendant caused the trailer to be placed behind a service station in the town. Prior to placing the trailer the defendant was advised by the building inspector that to do so would be unlawful. After the trailer was placed on the lot, the building inspector sent a written notice to the defendant advising him that he was in violation of the ordinance and requested that he comply with the ordinance by 10 September 1968. The evidence further tended to show that he and his wife were living there as of the date of the trial on 21 April 1969. The lot on which the trailer is located is not within an approved mobile home park and no maintenance permit has been issued. The defendant offered no evidence.

From a verdict of guilty and judgment thereon the defendant appeals.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*Jones, Jones and Jones by Joseph J. Flythe for defendant appellant.*

VAUGHN, J.

[1] Defendant's assignment of error based on the failure of the court to allow his motion for nonsuit at the close of the evidence is

overruled. Taking the evidence in the light most favorable to the State, as we are required to do, it was clearly sufficient to withstand motion for nonsuit.

Defendant contends that the ordinance which he is charged with violating is unconstitutional and assigns as error the denial of his motion to quash the warrant.

"A municipal ordinance is presumed to be valid, and the burden is upon the complaining party to show its invalidity or inapplicability. And a municipal ordinance promulgated in the exercise of the police power will not be declared unconstitutional unless it is clearly so, and every reasonable intendment will be made to sustain it." 5 Strong, N.C. Index 2d, Municipal Corporations, § 8, p. 626.

[2] If a statute is susceptible of two interpretations, one constitutional and the other unconstitutional, the former will be adopted. *State v. Dorsett*, 3 N.C. App. 331, 164 S.E. 2d 607.

The defendant specifically contends that the entire article of the zoning ordinance which deals with mobile homes, trailers and mobile home parks is unconstitutional because (1) ". . . there is an unconstitutional attempt to confer on the Ahoskie Building Inspector a naked arbitrary power to make a determination without standards of legislative guidance as to who and when and where and for what purpose a trailer home may be parked within the Town of Ahoskie . . ." and (2) the building inspector is authorized ". . . in his unbridled discretion, to determine whether additional temporary permits for the period of 120 days may be issued. . . ."

[3] The section of the ordinance under which defendant was convicted makes it unlawful to store or park a mobile home in the town except in approved mobile home parks. Although defendant does not contend that he has attempted to establish an approved mobile home park and therefore that section is not relevant here, the ordinance clearly and concisely establishes the standards and procedures for obtaining approval of such park by the Town Council.

[4] The sections which the defendant specifically attacks relate to duties of the building inspector with reference to nonconforming uses which were in existence at the time of the adoption of the ordinance. As is the case here, zoning ordinances generally make special provisions for land uses existing at the time of the enactment or effective at the time of their enactment or effective date. 58 Am. Jur., Zoning, § 146, p. 1021. The evidence here tends to show that defendant moved his trailer into the town more than two years

after the adoption of the ordinance. The sections he questions would not therefore apply to him.

[5] The ordinance specifically provides that no maintenance permit may be issued for any mobile home park not in operation on the date of the ordinance. With reference to nonconforming parks in operation upon the effective date of the ordinance, the ordinance provides that "subject only to the provisions of this ordinance" the building inspector may issue temporary maintenance permits for renewal periods of 120 days. The ordinance is specific as to the conditions under which such a permit may be issued. This authority must also be read in the light of Article 9, Section 4 of the ordinance which in pertinent part provides:

> "It is the intention of this ordinance that all questions arising in connection with the enforcement of the ordinance shall be presented first to the Building Inspector and that such questions shall be presented to the Board of Zoning Adjustment only on appeal from the Building Inspector; and that from the decision of the Board of Adjustment recourse shall be had to the courts as provided by law."

This assignment of error is overruled.

[6] The defendant attempts to show by the cross-examination of plaintiff's witnesses that other trailers were parked in the town and that the ordinance had not been enforced against them. It is no defense to a criminal charge nor to one of this type that others have not been penalized or the law enforced as to them. *Gastonia v. Parrish,* 271 N.C. 527, 157 S.E. 2d 154.

No error.

BROCK and BRITT, JJ., concur.