RALEIGH MOBILE HOME SALES, INC. v. TRAVIS H. TOMLINSON, Mayor of the City of Raleigh, North Carolina, and GEORGE B. CHERRY, EARL H. HOSTETLER, SEBY B. JONES, WILLIAM B. LAW, CLARENCE E. LIGHTNER, WILLIAM H. WORTH, Members of the City Council for the City of Raleigh, North Carolina, and THOMAS W. DAVIS, Chief of Police of the City of Raleigh, North Carolina

No. 49

(Filed 12 June 1970)

**1. Municipal Corporations § 32; Constitutional Law § 14— validity of Sunday observance ordinance — prohibiting sale of mobile homes**

A municipal ordinance which prohibits the sale on Sunday of mobile homes but which does not prohibit the sale on Sunday of conventional homes *is held* valid, since a classification based on the differences between the two types of selling — presence or absence of traffic, congestion, and noise — bears a reasonable relation to the purpose of the ordinance in establishing Sunday as a day of rest and relaxation. N. C. Constitution, Art. I, §§ 17, 26; U. S. Constitution, Amendment XIV.

**2. Sundays and Holidays; Constitutional Law § 14— day of rest — choice of Legislature**

The choice of the day of the week to be observed as the day of rest and relaxation is for the Legislature.

**3. Sundays and Holidays; Constitutional Law § 14— police power — Sunday observance law — Christian beliefs**

A law requiring the observance of Sunday as a day of rest and relaxation does not cease to be a reasonable exercise of the police power of the State merely because it is in harmony with the religious beliefs of most Christian denominations.

**4. Constitutional Law § 14— validity of ordinance — reasonable relation to State objective — observance of Sunday**

The validity of a specific statute or ordinance depends upon its reasonable relation to the accomplishment of the State's legitimate objective, which, in the case of a Sunday observance ordinance, is the promotion of the public health, safety, morals and welfare by the establishment of a day of rest and relaxation.

**5. Constitutional Law § 14— validity of Sunday observance laws — arbitrary discrimination between persons or activities**

Sunday observance legislation may not discriminate arbitrarily either as between persons, or groups of persons, or as between activities which are prohibited and those which are permitted; yet, neither the State nor the Federal Constitution requires that such legislation be held invalid unless it prohibits every activity which could be brought within its scope.

**6. Constitutional Law § 14— Sunday observance laws — determination of prohibited activities**

The legislative body has a wide discretion in determining which activities do and which activities do not interfere with the observance of Sunday

as a day of general rest and relaxation sufficiently to justify the prohibition of those activities on that day.

**7. Pleadings § 19— demurrer — conclusions of law**

The demurrer does not admit the pleader's conclusions of law.

BOBBITT, C.J., and SHARP, J., concur in result.

HUSKINS, J., dissenting.

BRANCH and MOORE, JJ., join in the dissenting opinion.

APPEAL from the decision of the Court of Appeals, reported in 7 N.C. App. 289.

The plaintiff operates a mobile home sales lot in the City of Raleigh. It brought this action to enjoin the defendants from enforcing against the plaintiff and other mobile home dealers an ordinance of the City of Raleigh entitled "An Ordinance to Provide for the Due Observance of Sunday." A temporary injunction was granted and the defendants were ordered to appear to show cause why it should not be continued to the final hearing and disposition of the action.

At such hearing before Hobgood, J., at the September 1968 Non-Jury Assigned Session of Wake, the defendants demurred ore tenus to the complaint. The court concluded that the complaint does not state facts sufficient to constitute a cause of action against the defendants in that it appears from the face of the complaint that the ordinance does not violate the Constitution of North Carolina or the Constitution of the United States. Consequently, the superior court entered judgment sustaining the demurrer and dismissing the action.

It continued the restraining order in effect pending the determination of the plaintiff's appeal to the Court of Appeals. The Court of Appeals affirmed the judgment of the superior court. The plaintiff appealed to the Supreme Court as a matter of right on the ground that a substantial constitutional question is involved.

The material portions of the ordinance provide:

"It shall be unlawful for any person to sell, offer or expose for sale any goods, wares or merchandise in the city on Sunday (nor shall any store, shop, warehouse or any other place of business in which goods, wares or merchandise are kept for sale, be kept open between 12 midnight Saturday and 12 midnight Sunday,) unless such store, shop, warehouse or other place of business is expressly allowed to open and sell goods under the provisions of this chapter; * * *."

[Then follows a list of commodities which may not be sold on Sunday, irrespective of any other provision of the ordinance, and provisions that certain types of establishments may be kept open on Sunday, certain sports and amusement activities may be conducted on Sunday and certain commodities may be sold thereat.]

In substance, the material allegations of the complaint (renumbered) are as follows:

(1)   The foregoing ordinance was adopted 3 June 1968.

(2)   The plaintiff operates a mobile home sales lot in the City of Raleigh and thereon "sells, offers and exposes for sale only mobile homes."

(3)   The plaintiff has for many years sold, offered or exposed for sale mobile homes seven days per week.

(4)   The said ordinance is being enforced against "mobile home dealers and their agents and employees by preventing the selling, offering or exposing mobile homes for sale on Sunday," warrants having been issued against employees of such dealers charging them with violation of the ordinance, but the "ordinance is not being enforced as to dealers in the sale, offering or exposing for sale of conventional homes on Sunday."

(5)   Enforcement of the ordinance will result in a multiplicity of actions, fines and penalties against the plaintiff, will cause it to suffer substantial direct economic injury and will subject it to irreparable damage for which it has no adequate remedy at law.

(6)   The plaintiff is in direct competition with persons selling, offering or exposing for sale conventional homes, the sale of which on Sunday is not prohibited by law.

(7)   "Conventional homes are sold, offered and exposed for sale in the City of Raleigh, North Carolina, on Sunday."

(8)   Prospective purchasers of conventional homes are also prospective purchasers of mobile homes and the dealers and sellers of the two types of homes are similarly situated, are in the same class, and "there is no reasonable or legal basis for distinguishing between the sellers of mobile homes and the sellers of conventional homes," and, therefore, the ordinance discriminates between those in the same class and similarly situated.

(9)   The ordinance permits certain sales and activities (i.e., the operation of grocery stores and curb markets) on Sunday, except between the hours of 10 a.m. and 12 noon, and "the requirement for

closing during these hours has no relationship to the setting aside of Sunday as a day of rest but was enacted to aid the observance of Sunday as a day of Christian worship."

(10)　The continued enforcement of the ordinance against the plaintiff, while sellers of conventional homes are permitted to sell such homes on Sunday, will constitute the enforcement of a discriminatory and unconstitutional ordinance, will deprive the plaintiff of its property without due process of law and deny to it the equal protection of the law in violation of Article I, § 17, of the Constitution of North Carolina and of the First and Fourteenth Amendments to the Constitution of the United States.

(11)　The enforcement of the ordinance will violate the foregoing constitutional provisions because: (a) It does not affect all persons "in the same class as plaintiff and engaged in similar operations to that of the plaintiff"; (b) it is a "use of the State's coercive power to aid * * * the Christian religion"; (c) "the classification of articles prohibited by the ordinance is arbitrary and discriminatory in that it excludes real property and includes personal property"; (d) the classification has no reasonable relationship to the public peace, welfare, safety and morals; and (e) the ordinance is "vague and indefinite."

The prayer of the complaint is for permanent injunction restraining the defendants from enforcing the ordinance or, alternatively, from enforcing it against the plaintiff and other mobile home dealers, their agents and employees. The plaintiff further prays that the ordinance be declared null and void and that a temporary injunction issue.

*Phillip C. Ransdell for plaintiff appellant.*

*Donald L. Smith and Broxie J. Nelson for defendant appellee.*

LAKE, J.

The ordinance here in question was before this Court in *Kresge Co. v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236. We there held that legislative authority for its adoption was conferred upon the City of Raleigh by its charter and by G.S. 160-52 and G.S. 160-200(6), (7), and (10). We also there held, upon the authority of *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370, and *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364, that the provisions of the ordinance are not unreasonable, arbitrary or discriminatory as applied to the plaintiffs in that action, they being operators of depart-

ment stores in the city selling various articles of merchandise. In the *Kresge* case, the principal ground of attack upon the ordinance was that it violated the First Amendment to the Constitution of the United States. This Court rejected that contention, citing as authority *McGowan v. Maryland,* 366 U.S. 420, 81 S. Ct. 1101, 6 L. ed. 2d 393, and *Two Guys v. McGinley,* 366 U.S. 582, 81 S. Ct. 1135, 6 L. ed. 2d 551, reh. den. 368 U.S. 869, 82 S. Ct. 21, 7 L. ed. 2d 69.

[1] The ordinance prohibits the sale or offering for sale within the city on Sunday of "any goods, wares or merchandise," except as expressly permitted by the ordinance. It does not refer to or apply to sales of real property. The plaintiff in this action does not contend that the ordinance discriminates unconstitutionally against it by reason of the provisions authorizing sales on Sunday of certain types of "goods, wares and merchandise" other than mobile homes. Its contention is that by an ordinance, otherwise valid, a city may not prohibit the selling or offering for sale on Sunday of mobile homes, by a general prohibition of the selling or offering for sale of "goods, wares and merchandise," if the city does not also prohibit the selling or offering for sale on Sunday of "conventional homes"; that is, homes so affixed to land as to become real property. This is the only question presented by this appeal which has not previously been determined by this Court.

It is well established that the provisions of Article I, § 17, and Article I, § 26, of the Constitution of North Carolina, do not deprive the Legislature of authority to prohibit by a statute, otherwise valid, the carrying on of and engaging in, on Sunday, any and all labor and the operation of industrial and commercial pursuits, except for works of necessity and acts which, themselves, are in exercise of the constitutional right to worship. *Kresge Co. v. Tomlinson, supra; Charles Stores v. Tucker, supra; Clark's Charlotte, Inc. v. Hunter, supra; State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198. The Legislature may delegate this power to municipalities. *State v. McGee, supra.*

It is equally well settled that such legislation is within the police power of the State and, nothing else appearing, is not a violation of the Fourteenth Amendment to the Constitution of the United States or of the First Amendment thereto, now deemed incorporated into the Fourteenth. *McGowan v. Maryland, supra.*

Human experience has demonstrated that there is a close relationship between health, morality and general welfare on the one hand and the regular observance of one day in seven as a day of rest and recreation on the other. It has also demonstrated the practical

necessity of legislation, designating a specific day in the week for that purpose and prohibiting activities on that day which interfere substantially with the accomplishment of such purpose. It would not be practicable for the State, or the municipality, simply to require for all of its citizens one day of rest in seven, leaving it to each individual to choose the day most convenient for him. See *McGowan v. Maryland, supra.* As the Supreme Court of the United States said in the *McGowan* case, *supra,* at page 450:

> "[T]he State's purpose is not merely to provide a one-day-in-seven work stoppage. In addition to this, the State seeks to set one day apart from all others as a day of rest, repose, recreation and tranquility — a day which all members of the family and community have the opportunity to spend and enjoy together, a day on which there exists relative quiet and disassociation from the every day intensity of commercial activities, a day on which people may visit friends and relatives who are not available during working days."

**[2, 3]** The choice of the day of the week to be observed as the day of rest and relaxation is for the Legislature. Obviously, it cannot choose a day which accords with the wishes and religious convictions of all of the people. In making its choice, the Legislature may take into account the fact that Sunday is the day of the week which a great proportion of the people would observe as a day of rest apart from the statute, whether this be due to the religious conviction of such persons or to their traditions and customs. The choice of Sunday by the Legislature does not render the statute unconstitutional, as a law establishing a religion or interfering with freedom of worship, merely because other persons are required by their religious convictions to rest from their labors on a different day of the week, or, having no religious convictions, consider Sunday as an exceptionally promising day for business. *McGowan v. Maryland, supra; Hennington v. Georgia,* 163 U.S. 299, 16 S. Ct. 1086, 41 L. ed. 166; *State v. McGee, supra.* Laws against murder, larceny, adultery and perjury are not rendered invalid by reason of the fact that these acts are also forbidden by the Ten Commandments. Similarly, a law requiring the observance of Sunday as a day of rest and relaxation does not cease to be a reasonable exercise of the police power of the State, merely because it is in harmony with the religious beliefs of most Christian denominations.

**[4, 5]** The validity of a specific statute or ordinance depends, however, upon its reasonable relation to the accomplishment of the State's legitimate objective, which, in this instance, is the promo-

tion of the public health, safety, morals and welfare by the establishment of a day of rest and relaxation. Legislation for this purpose, like other legislation, may not discriminate arbitrarily either as between persons, or groups of persons, or as between activities which are prohibited and those which are permitted. *State v. Smith,* 265 N.C. 173, 143 S.E. 2d 293.

**[5]**  On the other hand, neither the State nor the Federal Constitution requires that a statute or ordinance, enacted for this purpose, be held invalid unless it prohibits every activity which could be brought within its scope. The general prohibition is not invalidated by excepting therefrom activities which may reasonably be thought to contribute to the rest, relaxation or other need of a segment of the public to a degree sufficient to outweigh the interference resulting therefrom to the rest and relaxation of the remainder. The weighing of such benefits and detriments is for the legislative body in the first instance. Its determination will not be disturbed by the courts unless clearly unreasonable.

In *State v. Trantham, supra,* this Court, speaking through Barnhill, J., later C.J., with reference to an ordinance prohibiting secular pursuits on Sunday, said:

> "Legislative bodies may distinguish, select, and classify objects of legislation. It suffices if the classification is practical. (Citations omitted.) They may prescribe different regulations for different classes, and discrimination as between classes is not such as to invalidate the legislative enactment."

To the same effect, see: *Clark's Charlotte, Inc. v. Hunter, supra; State v. Towery,* 239 N.C. 274, 79 S.E. 2d 513; *State v. McGee, supra.*

With reference to the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution, the Supreme Court of the United States, speaking through Stone, J., later C.J., said in *Silver v. Silver,* 280 U.S. 117, 50 S. Ct. 57, 74 L. ed. 221, 65 A.L.R. 939:

> "[T]here is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied — that the legislature must be held rigidly to the choice of regulating all or none. * * * It is enough that the present statutes strike at the evil where it is felt and reaches the class of cases where it most frequently occurs."

Again, in *Dominion Hotel v. Arizona,* 249 U.S. 265, 268, 39 S. Ct. 273, 63 L. ed. 597, the Court, speaking through Holmes, J., said:

> "The Fourteenth Amendment is not a pedagogical requirement of the impractical. The equal protection of the law does

not mean that all occupations that are called by the same names must be treated in the same way. The power of the State 'may be determined by degrees of evil or exercised in cases where detriment is specially experienced.' *Armour & Co. v. North Dakota,* 240 U.S. 510, 517. It may do what it can to prevent what is deemed an evil and stop short of those cases in which the harm to the few concerned is thought less important than the harm to the public that would ensue if the rule laid down were made mathematically exact. The only question is whether we can say on our judicial knowledge that the Legislature of Arizona could not have had any reasonable ground for believing that there were public considerations for the distinction made by the present law."

**[1]** The contention of the plaintiff is that an arbitrary discrimination has been made by the city in that the ordinance prohibits the sale on Sunday of mobile homes, along with other "goods, wares and merchandise," but does not prohibit the sale on Sunday of "conventional homes," so attached to land as to become real property. Obviously, there are differences between the two types of property, and between the businesses of selling the two types of property, which will make reasonable and, therefore, constitutionally valid, some differences between legislation relating to the one and legislation relating to the other. The question which we are required by this appeal to determine is whether it may reasonably be thought that there is a difference between the two types of business, or between the customary procedures in conducting them, which makes reasonable the prohibition of the sale of one type of property on Sunday without prohibiting the sale of the other type of property on Sunday. The objective of the ordinance being the establishment of Sunday as a day of general rest and relaxation, the difference in treatment of the two types of business must be supported by a reasonable basis for the conclusion that one, substantially more than the other, will interfere with such use and enjoyment of the day. *McGowan v. Maryland, supra; Clark's Charlotte, Inc. v. Hunter, supra; State v. Towery, supra;* 50 Am. Jur., Sundays and Holidays, § 11.

**[6]** The legislative body has a wide discretion in determining which activities do and which activities do not interfere with the observance of Sunday as a day of general rest and relaxation sufficiently to justify the prohibition of those activities on that day. The burden rests upon the person complaining to establish the absence of a reasonable basis for such determination. In *Metropolitan Casualty Insurance Co. v. Brownell,* 294 U.S. 580, 584, 55 S. Ct. 538, 79 L. ed. 1070, the Court, speaking through Stone, J., later C.J., said:

"It is a salutary principle of judicial decision, long empha-
sized and followed by this Court, that the burden of establish-
ing the unconstitutionality of a statute rests upon him who as-
sails it, and that courts may not declare a legislative discrim-
ination invalid unless, viewed in the light of facts made known
or generally assumed, it is of such a character as to preclude the
assumption that the classification rests upon some rational basis
within the knowledge and experience of the legislators. *A statu-
tory discrimination will not be set aside as the denial of equal
protection of the laws if any state of facts reasonably may be
conceived to justify it."* (Emphasis added.)

In *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78-79 31
S. Ct. 337, 55 L. ed. 369, the Court, speaking through VanDevanter,
J., said:

"1.  The equal protection clause of the Fourteenth Amend-
ment does not take from the State the power to classify in the
adoption of police laws, but admits of the exercise of a wide
scope of discretion in that regard, and avoids what is done only
when it is without any reasonable basis and therefore purely
arbitrary.  2.  A classification having some reasonable basis
does not offend against that clause merely because it is not
made with mathematical nicety or because in practice it re-
sults in some inequality.  3.  When the classification in such a
law is called in question, *if any state of facts reasonably can be
conceived* that would sustain it, the existence of that state of
facts at the time the law was enacted must be assumed.  4.  *One
who assails the classification in such a law must carry the burden
of showing that it does not rest upon any reasonable basis, but
is essentially arbitrary."* (Emphasis added.)

In *Patsone v. Commonwealth of Pennsylvania*, 232 U.S. 138, 144,
34 S. Ct. 281, 58 L. ed. 539, the Court, speaking through Holmes, J.,
said:

"[W]e start with the general consideration that a State may
classify with reference to the evil to be prevented, and that if
the class discriminated against is or reasonably might be con-
sidered to define those *from whom the evil mainly is to be
feared,* it properly may be picked out. A lack of abstract sym-
metry does not matter. The question is a practical one dependent
upon experience. * * * It is not enough to invalidate the law
that others may do the same thing and go unpunished, if, as a
matter of fact, it is found that the danger is characteristic of the
class named. (Citation omitted.) The State 'may direct its law

against what it deems the evil as it actually exists without covering the whole field of possible abuses.' *Central Lumber Co. v. South Dakota,* 226 U.S. 157, 160." (Emphasis added.)

More recently, and with specific reference to laws designed to establish Sunday as a day of rest and relaxation, the Supreme Court of the United States said, in *McGowan v. Maryland, supra,* at pages 425-426:

> "The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State Legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of fact reasonably may be conceived to justify it.

> \*      \*      \*

> "The record is barren of any indication that this apparently reasonable basis does not exist, that the statutory distinctions are invidious, that local tradition and custom might not rationally call for this legislative treatment."

The same assumption in favor of the reasonableness of the legislative classification applies with reference to the requirements of Article I, § 17, of the Constitution of North Carolina. See *Clark's Charlotte, Inc. v. Hunter, supra.* See also Annot., 46 A.L.R. 290, 291.

The only case which has come to our attention in which the contention was made that a law forbidding the sale of personal property on Sunday was unconstitutional because it permitted the sale of real estate is *Motor Car Dealers' Ass'n. v. Fred S. Haines Co.,* 128 Wash. 267, 222 P. 611, 36 A.L.R. 493. The Supreme Court of Washington disposed of the contention summarily in favor of the validity of the statute.

**[7]**    Since this appeal comes before us upon a demurrer to the complaint, the facts must be taken as stated therein. The demurrer does not admit the pleader's conclusions of law. When so considered, "the record is barren" of any showing that there is no reasonable basis for the classification made by this ordinance.

**[1]**    The distinction drawn by this ordinance between the two types of business is not necessarily permissible because one sells personal property and the other sells real property. Conversely, the difference in the treatment of the two is not necessarily impermissible because in each instance the thing sold is designed for use as a residence and to some buyers both types of home are attractive. The determina-

tive question is whether the legislative body could reasonably conclude that the customary practices and procedures followed in selling mobile homes, not yet located where they are to be used as homes, are substantially more likely to impair Sunday as a day of general rest and relaxation than are the customary practices and procedures followed in selling homes already built upon the lots on which their owners will live in them. It is not determinative that the complainant shows, or the court takes notice of, the fact that, in particular instances, the offering for sale of a home already affixed to the land at the site of its intended use is accompanied by as much traffic congestion, noise and disturbance of the neighborhood as exist in particular instances of the offering for sale of a mobile home.

Without attempting to enumerate all the differences between the two types of business, we are mindful that in the mobile home business, many units are exhibited and offered for sale simultaneously on the same lot and, as sold, are promptly removed and replaced by other units, so that the sale at this location goes on Sunday after Sunday, resulting in more or less continuous traffic movement, congestion and noise in the vicinity. The proprietor of the business, naturally, uses all reasonable means to maintain this condition Sunday after Sunday. In the case of the conventional homes, a sale once made is not soon repeated, and even in the case of an effort to sell many houses in a new development, the area affected is larger, the congestion of traffic less and the seller seeks to terminate the selling process at that location as quickly as possible. One of the principal attractions to a purchaser of a home is a quiet, restful neighborhood. This may reasonably be supposed to be borne in mind by the seller of a conventional home in his choice of selling procedures. The lack of restful quiet at the mobile home sales lot is not likely to chill the interest of the prospective buyer. In the absence of a showing by the complainant that these or other reasonable bases for the legislative conclusion do not exist in the City of Raleigh, we cannot hold it arbitrary.

Affirmed.

BOBBITT, C.J. and SHARP, J., concur in result.

HUSKINS, J., dissenting.

The basic question posed by this appeal is accurately stated in the majority opinion as follows: "The ordinance prohibits the sale or offering for sale within the city on Sunday of 'any goods, wares or merchandise,' except as expressly permitted by the ordinance. It

does not refer to or apply to sales of real property. The plaintiff in this action does not contend that the ordinance discriminates unconstitutionally against it by reason of the provisions authorizing sales on Sunday of certain types of 'goods, wares and merchandise' other than mobile homes. Its contention is that by an ordinance, otherwise valid, a city may not prohibit the selling or offering for sale on Sunday of mobile homes, by a general prohibition of the selling or offering for sale of 'goods, wares and merchandise,' if the city does not also prohibit the selling or offering for sale on Sunday of 'conventional homes'; that is, homes so affixed to land as to become real property. This is the only question presented by this appeal which has not previously been determined by this Court." Elsewhere in the majority opinion the question is stated in these words: "The determinative question is whether the legislative body could reasonably conclude that the customary practices and procedures followed in selling mobile homes, not yet located where they are to be used as homes, are substantially more likely to impair Sunday as a day of general rest and relaxation than are the customary practices and procedures followed in selling homes already built upon the lots on which their owners will live in them."

Pertinent portions of the ordinance in question and the essential allegations of the complaint are accurately stated in the majority opinion. The demurrer admits the truth of these allegations. It is my view that the demurrer should be overruled, the temporary order restraining enforcement of the ordinance against plaintiff continued until the final hearing, and, if plaintiff's allegations are sustained by proof upon the trial, defendant should be permanently restrained from the discriminatory enforcement of said ordinance against this plaintiff.

Requiring the observance of Sunday as a day of rest has a reasonable relationship to the public peace, welfare, safety and morals, and therefore rests within the police power of the State — a power delegated by the State to its municipalities. *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370; *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198.

In enacting ordinances for the observance of Sunday, a municipality may determine and classify the pursuits, occupations or businesses to be excluded from Sunday operations; and if the classifications are based upon reasonable distinctions and have some reasonable relationship to the public peace, welfare, safety and morals, they will be upheld. *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783;

*State v. Towery*, 239 N.C. 274, 79 S.E. 2d 513. "The one requirement is that the ordinance must affect all persons similarly situated or engaged in the same business without discrimination." *State v. Trantham, supra*. Conversely, if the classifications are based upon unreasonable distinctions and have no reasonable relationship to the public peace, welfare, safety and morals, they violate due process and deny equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 17, of the Constitution of North Carolina.

Involved in this case is the business of *selling homes*. As I view it, no legitimate reason appears why the *sale* of conventional homes tends to "sustain life, promote health, and advance the enjoyment of Sunday as a day of rest" (*Charles Stores v. Tucker, supra*) so as to come within the permissible Sunday pursuits, while the *sale* of mobile homes profanes the Sabbath and offends the purposes for which the ordinance was enacted so as to come within the impermissible Sunday pursuits. Such classification, in my opinion, is founded upon unreasonable distinctions, discriminates against those engaged in the sale of mobile homes, and has no reasonable relation to the stated objective of the ordinance. Hence, insofar as the ordinance attempts to put the *sale* of mobile homes and the *sale* of conventional homes in different classifications for enforcement purposes — the one prohibited and the other allowed — it is unconstitutional and should not be upheld. Businesses which are essentially the same (selling homes) must not be treated in law as though they are different. Discrimination exists when, under the same conditions, persons engaged in the same business are subjected to different restrictions and permitted to enjoy different privileges. Such discrimination impairs equality of protection and denies due process of law which is vouchsafed for all by both State and Federal Constitutions.

Furthermore, plaintiff has had no opportunity to support its allegations with evidence. So far as we know at this juncture, the customary practices and procedures followed in selling mobile homes are no more likely to impair Sunday as a day of general rest and relaxation than the customary practices and procedures followed in selling conventional homes. To conclude otherwise upon the hearing of a demurrer ore tenus is unwarranted. Plaintiff is entitled to its day in court.

For the reasons stated, I respectfully dissent.

BRANCH and MOORE, JJ., join in this dissent.