CURRITUCK COUNTY v. GEORGE H. WILLEY AND MARTHA J. WILLEY

No. 791DC1078

(Filed 20 May 1980)

**Counties § 5.1; Municipal Corporations § 30.12— zoning ordinance— prohibition of mobile home smaller than stated size**

> A county zoning ordinance prohibiting mobile homes with dimensions less than 24' x 60' does not violate the equal protection clause of the Fourteenth Amendment to the U. S. Constitution or Art. I, § 19 of the N. C. Constitution, since mobile homes are sufficiently different from other types of housing so that there is a rational basis for placing different requirements upon them.

APPEAL by defendant from *Chaffin, Judge.* Judgment entered 27 September 1979 in District Court, CURRITUCK County. Heard in the Court of Appeals 25 April 1980.

Plaintiff filed the present action alleging the feme defendant was in violation of plaintiff's zoning ordinance in that defendant had placed a double-wide mobile home with dimensions less than 24' x 60' on her property. The zoning ordinance states:

> (a) Permitted uses of buildings, structures and land: Dwellings, one-family detached including modular and double-wide mobile homes with minimum dimensions of 24' x 60', but no other mobile homes.

Defendant answered, admitting that her mobile home had dimensions less than those prescribed in the ordinance. The case came on for trial with the trial court concluding that the ordinance applied to defendant's property, was valid, constitutional and enforceable. The feme defendant (George Willey is now deceased) appealed.

*White, Hall, Mullen, Brumsey & Small, by William Brumsey III, for plaintiff appellee.*

*J. Kenyon Wilson, Jr. and M. H. Hood Ellis for defendant appellant.*

HILL, Judge.

The issue we must decide on appeal is whether the ordinance barring mobile homes, such as defendant's with dimensions of less than 24' x 60', must be struck down as violative of the equal pro-

tection clause of the Fourteenth Amendment to the United States Constitution, or Article I, § 19 of the North Carolina Constitution. We find no violation.

> 'A municipal ordinance is presumed to be valid, and the burden is upon the complaining party to show its invalidity or inapplicability. And a municipal ordinance promulgated in the exercise of the police power will not be declared unconstitutional unless it is clearly so, and every intendment will be made to sustain it.' 5 Strong, N.C. Index 2d, Municipal Corporations, § 8, p. 626.

*State v. Martin*, 7 N.C. App. 18, 20, 171 S.E. 2d 115 (1969). "If a statute is susceptible of two interpretations, one constitutional and the other unconstitutional, the former will be adopted." (Citation omitted.) *Martin*, at p. 20. Defendant ". . . must carry the burden of showing that [the ordinance] does not rest upon any reasonable basis, but is essentially arbitrary;" and "[I]f any state of facts reasonably can be conceived that would sustain [the ordinance], the existence of that state of facts at the time the [ordinance] was enacted must be assumed." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 79, 55 L.Ed. 369, 31 S.Ct. 337 (1910).

We find that defendant has not met her burden. It has been held in *State v. Martin*, 7 N.C. App. 18, 171 S.E. 2d 115 (1969), and *City of Asheboro v. Auman*, 26 N.C. App. 87, 214 S.E. 2d 621, *cert. denied* 288 N.C. 239 (1975), that mobile homes can be restricted by zoning ordinances to mobile home parks. We hold that mobile homes are sufficiently different from other types of housing so that there is a rational basis for placing different requirements upon them as was done by Currituck County.

*Town of Conover v. Jolly*, 277 N.C. 439, 177 S.E. 2d 879 (1970), relied on by the appellant, did not involve a zoning ordinance. In that case, a municipality had forbidden mobile homes within the corporate limits. Our Supreme Court held the General Assembly had not given this power to municipalities. *Conover* has no application to the case *sub judice*.

For the reasons stated above, the decision of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.