'. D. HANES DUGGINS AND WIFE LUCY TAYLOR DUGGINS v. TOWN OF WALNUT COVE

No. 8217SC544

(Filed 6 September 1983)

1. **Municipal Corporations § 30.12— mobile homes—authority to enact zoning ordinance**

A town was authorized by G.S. 160A-381 to enact a zoning ordinance prohibiting the use of mobile homes on lots zoned R-20 for single-family residential use and permitting mobile homes only in districts zoned R-6 MH, and the ordinance was not an impermissible attempt to regulate construction practices.

2. **Municipal Corporations § 30.12— mobile homes—validity of zoning ordinance**

A town zoning ordinance prohibiting the use of mobile homes on lots zoned R-20 for single-family residential use while permitting the use of modular or site-built homes in such zoning districts does not violate the due process clause of the U.S. Constitution, the law of the land clause of the N.C. Constitution, or the equal protection clauses of the U.S. and N.C. Constitutions and is a valid exercise of the police power, since the classification of mobile homes differently from modular and site-built homes is rationally related to the legitimate governmental objective of protecting the value of other homes in the area. XIV Amendment to the U.S. Constitution; Art. I, § 19 of the N.C. Constitution.

APPEAL by plaintiffs from *Long, Judge.* Judgment entered 23 April 1982 in Superior Court, STOKES County. Heard in the Court of Appeals 14 April 1983.

This is an action brought by plaintiffs against defendant Town of Walnut Cove in which they seek (1) a declaratory judg-

ment that the town's zoning ordinance, to the extent it prohibits the use of mobile homes as permanent residences on individual lots zoned for single-family residential use, is in excess of defendant's statutory authority, or alternatively, is unconstitutional as a denial of substantive due process and equal protection; (2) a permanent injunction against the enforcement of the ordinance; (3) damages; and (4) costs.

The named plaintiffs own a tract of land within the Town of Walnut Cove in an area zoned R-20 for single-family residential use. In May 1981 plaintiffs described to defendant's town clerk/zoning administrator the type of manufactured home they intended to erect on their property and were assured this home complied with local ordinances. Defendant issued a building permit to plaintiffs and accepted their payment of $200 as a water tap fee. Subsequently, plaintiffs purchased a mobile home in the good faith belief that it could legally be located on their land in Walnut Cove. However, when plaintiffs had their two-section home delivered and prepared to install it on their lot, they were informed that the home was a "mobile home" as defined under the town's zoning ordinance and therefore was not permissible in the zoning district.

The zoning ordinance creates three classes of single-family residences: mobile homes, modular homes, and site-built homes. Both mobile and modular homes are constructed in factories and assembled or installed at the site. The ordinance defines a mobile home as follows:

"A detached residential dwelling unit designed for transportation after fabrication on its own wheels and arriving at the site where it is to be occupied as a dwelling unit complete with necessary service connections and ready for occupancy, except for minor and incidental unpacking and assembly operations including, but not limited to, location on jacks or other temporary or permanent foundation, and connection to utilities. Recreational vehicles and modular homes shall not be considered mobile homes."

By this definition, the home purchased by plaintiffs is a mobile home.

Modular homes are defined by the ordinance as "[a]ny building or closed construction which is made or assembled in

manufacturing facilities on or off the building site for installation or assembly and installation on the building site other than mobile homes or recreational vehicles." Mobile homes are constructed in accordance with federal standards promulgated by the U.S. Department of Housing and Urban Development whereas modulars are constructed in accordance with the N.C. State Building Code. According to the zoning ordinance, modular homes are permitted in any district where site-built homes are allowed.

Defendant's ordinance permits mobile homes in certain districts zoned R-6 MH but prohibits them in the more restrictive residential R-20 districts. The ordinance effects a per se exclusion of all mobile homes in residential districts other than the R-6 MH districts, regardless of the size, dimensions, or appearance of the homes, and regardless of whether they have been constructed according to applicable code requirements, have lost all semblance of mobility by being attached to a permanent foundation or are otherwise indistinguishable from permitted modular or site-built homes.

Defendant filed an answer to the complaint and a motion for judgment on the pleadings. After a hearing, the court granted defendant's motion. From the judgment entered, plaintiffs appealed.

*Michael B. Brough for plaintiff appellants.*

*Womble, Carlyle, Sandridge and Rice, by Roddey M. Ligon, Jr., for defendant appellee.*

*Jordan, Crown, Price and Wall, by R. Frank Gray for amicus curiae North Carolina Manufactured Housing Institute.*

WEBB, Judge.

[1] In their first argument, plaintiffs contend that defendant's attempt to "zone out" mobile homes as defined in the ordinance exceeds defendant town's statutory authority both because the zoning enabling act does not authorize defendant to regulate the types of structures used for single-family residential purposes and because defendant's ordinance constitutes a back door attempt to intrude into a field preempted by state and federal law. We disagree.

G.S. 160A-381, which authorizes municipalities to enact zoning ordinances within specified guidelines, provides in relevant part:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, any city is hereby empowered to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes."

Plaintiffs maintain that the only characteristic under the ordinance that differentiates mobile homes from modular and site-built homes is that they are constructed in accordance with different building codes. Because of this, they interpret the zoning ordinance as having the effect of distinguishing between structures used for the same purpose — single-family residences — based solely on the construction methods and materials used. We do not agree with plaintiffs' interpretation of the ordinance. It is obvious from the definitions in the ordinance that the different applicable building codes is not the only factor differentiating mobile homes from modular homes. Therefore, the ordinance does not have the effect suggested by plaintiffs. Defendant is clearly authorized by G.S. 160A-381 to regulate and restrict the location and use of any buildings or structures for residential and other purposes, and that is exactly what defendant has done in restricting the location of mobile homes.

Similarly, plaintiffs attack the ordinance on the grounds it is an impermissible attempt to regulate construction practices. Defendant's ordinance was not intended to and does not have the effect of regulating construction practices in any way. Rather, the ordinance deals solely with the location and use of buildings and structures as the statute expressly authorizes. Plaintiffs' attempt to read more into defendant's enactment of the ordinance is not warranted. Accordingly, we hold both aspects of plaintiffs' first argument are meritless.

[2] The plaintiffs also challenge the constitutionality of the zoning ordinance. They argue that it violates the Fourteenth Amendment to the United States Constitution and Article I, Section 19

of the Constitution of North Carolina. The Fourteenth Amendment provides in part:

"Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article I, Section 19 provides in part:

"No person shall be . . . deprived of his . . . property, but by the law of the land. No person shall be denied the equal protection of the laws."

The plaintiffs also contend that the enforcement of the ordinance is not within the police power of defendant Town of Walnut Cove. We believe the test as applied in this case is the same for the due process, law of the land, and equal protection clauses of the United States and North Carolina Constitutions as well as the validity of the exercise of the police power by defendant Town of Walnut Cove. If the enactment and enforcement of the zoning ordinance is rationally related to a legitimate governmental objective, the plaintiff in this case must fail. *See Harris v. McRae,* 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed. 2d 784 (1980), and *Mobile Home Sales, Inc. v. Tomlinson,* 276 N.C. 661, 174 S.E. 2d 542 (1970).

We upheld a similar zoning ordinance against constitutional attack in *Currituck County v. Willey,* 46 N.C. App. 835, 266 S.E. 2d 52 (1980). The plaintiffs contend *Currituck* does not control. They argue that *Currituck* holds that the property owner in that case did not offer evidence sufficient to overcome the presumption of the constitutionality of the ordinance whereas in this case they make allegations in their complaint which if proven will show that the ordinance is unconstitutional. Assuming plaintiffs are correct in their reading of *Currituck,* we believe their attack on the Walnut Cove ordinance must fail.

If any state of facts can be conceived that will sustain the zoning ordinance, the existence of that state of facts must be assumed. *Mobile Home Sales, Inc. v. Tomlinson, supra* at 669. In this case the ordinance classifies mobile homes differently from modular and site-built homes based on the method of construction. The protection of property values in the zoned area is a legitimate governmental objective. We believe that the method of construction of homes may be determined by a city governing

board as affecting the price of homes. The prohibition of such buildings is rationally related to the protection of the value of other homes in the area. We cannot interfere with this legislative decision.

The plaintiffs argue at length that they can prove, if given the chance, that once mobile homes are in place, they sell at prices comparable to site-built and modular homes. We do not believe we should make this factual determination. This is a matter for the governing body of Walnut Cove. We believe they were rational in their decision.

The North Carolina Manufactured Housing Institute has filed a brief in which they make a very persuasive argument that mobile homes should not be excluded from areas in which site-built homes and modular homes may be placed. We believe this is an argument which should be made to the City Council.

Affirmed.

Judges WHICHARD and BRASWELL concur.